IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

JOSHUA JARRETT and  )
JESSICA JARRETT,    )  Case No. 3:21-cv-00419
                    )
    Plaintiffs, )
                    )
v.                  )
                    )
UNITED STATES OF AMERICA, )
                    )
    Defendant.  )
_____)

**MEMORANDUM IN SUPPORT OF
UNITED STATES' MOTION TO DISMISS**

1

**Table of Contents**

Introduction .................................................................................................................. 1

Relevant Factual Background ..................................................................................... 1

Argument .................................................................................................................... 2

I.  THIS ACTION IS MOOT BECAUSE THE UNITED STATES FULLY REFUNDED THE CLAIMED OVERPAYMENT ................................................................................ 2

    A.  The Jarretts Received the Full Relief They Sought in the Complaint and the Only Relief Authorized by 26 U.S.C. § 7422(a) and 28 U.S.C. § 1346(a)(1) ...................... 2

    B.  The Jarretts' Suggestion that they can Refuse a Full Refund to Seek a Ruling about the Taxability of Tezos Reward Tokens Has No Merit .......................................... 4

II. THE JUDICIALLY CREATED EXCEPTIONS TO MOOTNESS DO NOT APPLY HERE ............................................................................................................................. 6

    A.  The Exception to Mootness for Cases "Capable of Repetition Yet Evading Review" Does Not Apply ..................................................................................................... 6

    B.  The Voluntary Cessation Exception to Mootness Does Not Apply Because the Jarretts Have Been Made Whole and their 2019 Tax Year is Closed ............................... 7

Conclusion ................................................................................................................ 10

## Introduction

Plaintiffs Joshua and Jessica Jarrett sought a refund of $3,793, plus statutory interest, for their 2019 federal income taxes. The United States authorized and delivered the requested refund, with interest, to the Jarretts' counsel on February 14, 2022. This action therefore presents no case or controversy: it is moot. It should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

The Jarretts disagree. They claim to have "rejected" the refund for which they sued, and urge that, until they obtain a judicial declaration as to the taxability of the Tezos reward tokens they earned in 2019, this case still presents a "live" controversy.

The Jarretts are wrong. Prospective relief is unavailable in any refund suit – be it contested or (as here) conceded. And Plaintiffs cannot show that this case fits into any of the judicially created exceptions for mootness. What Plaintiffs really seek at this point is an advisory opinion. And since this Article III court lacks jurisdiction to issue advisory opinions, this action must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.

## Relevant Factual Background

On December 20, 2021, the United States authorized the Jarretts' refund. (Dkt. No. 37). The Jarretts responded by letter on January 25, 2022, purporting to "reject the proffered refund." (Docket No. 37). The refund check for $4,001.83 ($3,793, plus $208.03 of interest under 26 U.S.C. § 6611(a) calculated to January 28, 2022) was delivered to the Jarretts' counsel on February 14, 2022. Declaration of Ryan O. McMonagle ¶¶ 2, 3; Exh. A.

**Argument**

**I.  THIS ACTION IS MOOT BECAUSE THE UNITED STATES FULLY REFUNDED THE CLAIMED OVERPAYMENT**

Mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw*, 528 U.S. 167, 190 (2000) (quoting *Arizonans for Official English*, 520 U.S. 43, 68, n.22 (1997)). A moot case must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. *Duren v. Byrd*, No. 1:18-cv-00084, 2021 WL 3848105, at *8 (M.D. Tenn. Aug. 26, 2021). And a party may move to dismiss under Rule 12(b)(1) "at any time." *Id.*

The Jarretts' refund claim is moot because they have received the full refund requested, and no further relief is available to them under 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1).

**A.  The Jarretts Received the Full Relief They Sought in the Complaint and the Only Relief Authorized by 26 U.S.C. § 7422(a) and 28 U.S.C. § 1346(a)(1)**

The Jarretts' action for a refund is moot because they have received a full refund.

Section 7422(a) of the Internal Revenue Code authorizes suits "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected." Before filing a refund suit for income taxes, the taxpayer must pay the disputed tax in full and make an administrative claim for the refund of the overpayment. *Id.* When that claim is denied, or when the IRS takes no action for six months, the taxpayer may then sue under 7422 to recover the overpayment. 26 U.S.C. § 6532(a)(1). But that is all Section 7422 provides: a refund. *See e.g.*, *United States v. Clintwood Elkhorn Min. Co.*, 553

U.S. 1, 14 (2008). Similarly, Section 1346(a)(1) grants jurisdiction to the district courts in suits "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected. . ." No part of Section 1346(a)(1) grants jurisdiction when a once-disputed overpayment is refunded.

Here, the United States granted a full refund of the amount the Jarretts asked for in the Complaint, with interest and without receiving anything in return. It was not an offer to compromise the case with each party giving up something. Thus, there is nothing left to adjudicate: Plaintiffs sued for a refund and received a full refund. When the United States tenders full payment of a refund – even during litigation – no case or controversy remains and the refund claim is moot. *Drs. Hill & Thomas Co. v. United States*, 392 F.2d 204, 205 (6th Cir. 1968); *Christian Coalition, Inc. v. United States*, 662 F.3d 1182, 1192 (11th Cir. 2011) (refund claim moot where "IRS returned all of the disputed taxes shortly after this litigation began.").[1]

---

[1] *See also Hudak v. United States*, Civ. Action No. MJG-11-1271, 2011 WL 6739019, at *1 (D. Md. Dec. 21, 2011); *Cath. Answers, Inc. v. United States*, No. 09-CV-670-IEG (AJB), 2009 WL 3320498, at *8 (S.D. Cal. Oct. 14, 2009), *aff'd*, 438 F. App'x 640, 641 (9th Cir. 2011); *Haas v. United States*, 83 A.F.T.R. 2d 99-408 (Fed. Cl. 1998); *Est. of O'Neal v. United States*, No. CV-93-H-0139-S, 1993 WL 766477, at *3 (N.D. Ala. June 2, 1993) ("Checks in the amount of the refund requested have been issued and delivered to plaintiffs. Thus, the refund issue is moot and there is no need for any adjudication as to this claim."); *Miklautsch v. Gibbs*, No. A89-291 Civ., 1990 WL 236045, at *5 (D. Alaska Nov. 6, 1990) ("all the plaintiffs could hope to gain in a refund action under 26 U.S.C. § 7422 has in fact been credited to their 1975 tax liability. Accordingly, those claims are moot.").

### B. The Jarretts' Suggestion that they can Refuse a Full Refund to Seek a Ruling about the Taxability of Tezos Reward Tokens Has No Merit

Despite obtaining the full relief they ask for in their Complaint, the Jarretts believe this is still a "live" case or controversy because the Court has not yet ruled on whether staking rewards are taxable as income when received. They suggest in their letter that they can simply refuse the refund for which they sued in order to "vindicate their rights." Dkt. No. 37. The Jarretts essentially argue they can continue this case to force the United States to explain why it granted the refund and then obtain an advisory opinion from the Court about those reasons. Not so. *Roberts v. United States*, No. 71-H-40, 1971 WL 428, at *1 (S.D. Tex. Oct. 20, 1971) ("The Court is not empowered to decide moot questions or abstract propositions, or to declare rules of law to be applicable in future cases but which are not in issue in the case in chief. As a result of the defendant's gesture in tendering the moneys which were the subject of the suit, there is no longer a case or controversy before this Court[.]").

First, the United States' reasons for granting a refund are irrelevant to the question of whether the Court still has jurisdiction under Section 7422. The United States can grant a refund for a different reason than the reason a taxpayer raises, and the fact of the refund still moots the case. *See e.g.*, *Catholic Answers, Inc.*, 2009 WL 3320498, at *8 (S.D. Cal. Oct. 14, 2009) (refund claim is moot even though refund was "issued on a basis distinct from those asserted in an administrative refund claim").

Second, prospective relief is unavailable in a refund suit. The Declaratory Judgment Act (28 U.S.C. § 2201) does not authorize declaratory relief "with respect to

4

federal taxes" except under 26 U.S.C. § 7428 (which does not apply here). 28 U.S.C. § 2201(a). And to the extent that Plaintiffs seek through this suit to enjoin the IRS in future years, the Tax Anti-Injunction Act bars suits "for the purpose of restraining the assessment or collection" of tax. 26 U.S.C. § 7421(a). As the Eleventh Circuit explained:

> It is enough to say that, regardless of this case's origins as a tax refund suit, absent any live refund component, the district [court] correctly concluded that it was without jurisdiction to entertain a suit containing solely forward-looking claims seeking declaratory and injunctive relief from the IRS. These types of suits are expressly proscribed by the [Declaratory Judgment Act] and the [Anti-Injunction Act].

*Id.* at 1192.

That the Jarretts would presumably get a ruling on taxability of staking rewards *if* this case was contested does not matter. Under Section 7422, "each year is the origin of a new liability and of a separate cause of action." *Christian Coalition of Fla., Inc. v. United States*, No. 5:09-cv-144-Oc-10GRJ, 2010 WL 3061800, at *6 (M.D. Fla. Aug. 3, 2010), *aff'd*, 662 F.3d 1182 (11th Cir. 2011). So even if the United States continued to litigate this matter and refused to give the requested refund (which again, it has not) "a determination by this Court for the tax years at issue would be nothing more than an advisory opinion for future years." *Id; see also Roberts*, 1971 WL 428, at *1.[2]

---

[2] For that reason, the grant of a refund for one taxpayer for one year is neither a prospective nor universal statement of IRS policy about the many individual items reported on a tax return for any given year. Even a judgment in a contested refund case in favor of the taxpayer could, at most, only collaterally estop the United States from relitigating the issues decided in that case in future tax years involving the same taxpayer. *See Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 598 (1948). And, if there are changes in facts, policy, or legislation, collateral estoppel would not apply. *Id.*

(continued...)

## II. THE JUDICIALLY CREATED EXCEPTIONS TO MOOTNESS DO NOT APPLY HERE

The United States expects (given the Jarretts' letter at Docket No. 37) the Jarretts will respond that this case falls within one of the judicially created exceptions to mootness, specifically the exception for conduct "capable of repetition but evading review," or the "voluntary cessation" exception to mootness. *Drs. Hill & Thomas Co. v. United States*, 392 F.2d at 205. But they again would be wrong. Neither exception permits this case to proceed.

### A. The Exception to Mootness for Cases "Capable of Repetition Yet Evading Review" Does Not Apply

"The capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). The doctrine applies only where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Davis v. FEC*, 554 U.S. 724, 735 (2008).

The Jarretts satisfy neither element. Again, *Christian Coalition* is instructive. There, the court held that adverse tax determinations are not "too short to be fully litigated"

---

However, the Proof of Stake Alliance has claimed – in a press release featuring statements from the Jarretts' counsel -- that "the IRS may no longer attempt to tax tokens created through staking moving forward." Proof of Stake Alliance, *IRS Waves White Flag in Lawsuit Over Taxability of Cryptocurrency Staking Rewards* (Feb. 3, 2022), *available at* https://perma.cc/XD59-DC5N. Because refunds are return-specific, taxpayer-specific, and year-specific, that statement is little more than speculation.

because "every year in which [plaintiff] pays taxes, it may claim a refund, and, should the IRS fail to provide the refund within the six month statutory period . . . file a refund suit and obtain full judicial review of the dispute." *Christian Coalition*, 662 F.3d at 1195. That settles the matter.

The Court of Appeals then rejected the plaintiff's claims that it would be subject to the same action in the future. As the Court noted, the issue to be litigated in the future must be the *same* issue, but "the issue is not whether [plaintiff] is a tax-exempt organization, now and in the future, but rather whether it was entitled to a refund for the past tax years [at issue]." *Id.* at 1196. Thus, "the same controversy – [plaintiff's] tax liabilities for the years 1991 and 1994-2000 – is not an issue capable of repetition. Rather the hypothetical future controversy would be at most a *similar* one. The tax amounts in dispute and the nature of the claim for a refund are specific to each individual tax year." *Id.*

The same is true here. Even if the Jarretts make future refund claims based on the argument that staking rewards are not taxable income when received, that controversy would be "at most a *similar* one." That is not enough. And given that this is the Jarrett's first suit to seek a refund after paying tax on the receipt of Tezos rewards tokens, the Jarretts cannot show repeated cases evading review.

### B.  The Voluntary Cessation Exception to Mootness Does Not Apply Because the Jarretts Have Been Made Whole and their 2019 Tax Year is Closed

Under the voluntary cessation exception to mootness, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to

7

Case 3:21-cv-00419   Document 42   Filed 02/28/22   Page 9 of 12 PageID #: 127

determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs., Inc.*, 528 U.S. 167, 189 (2000). To overcome this exception, the party asserting mootness has the burden of showing "(1) there is no reasonable expectation that the conduct will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *True the Vote, Inc. v. Internal Revenue Serv.*, 831 F.3d 551, 561 (D.C. Cir. 2016).[3]

The United States meets this standard. The United States has unequivocally stated in this motion and to the Jarretts that their 2019 tax return is closed. The United States cannot (and will not) turn around after this case is dismissed and sue the Jarretts to recover the refund under 26 U.S.C. § 7405. Nor will the Internal Revenue Service audit the Jarretts' 2019 amended return. In all ways, the closure of the 2019 tax year, and refund of the full amount that the Jarretts seek "irrevocably eradicate[s] the effects of the alleged violation [the denial of the Jarretts' claimed refund for the 2019 tax year]."

For those same reasons, the "challenged conduct" at issue — i.e., the Service's rejection of the Jarretts' 2019 refund claim — will not recur. And that is all that matters, because (again) each tax year is a separate cause of action for a refund. *See supra* at 5.

But even if the Court treated the "challenged conduct" as the "denial of a refund claim due to the recognition of staking rewards as income when received" instead of "the denial of the Jarretts' 2019 refund claim," this case would still be moot.

---

[3] The United States does not concede that this doctrine necessarily applies when (as here) the only remedy is monetary. The Sixth Circuit has not addressed this issue. But the Ninth Circuit and Eleventh Circuit Court of Appeals have applied these exceptions to refund cases.

The Ninth Circuit Court of Appeals' opinion in *Church of Scientology of Hawaii v. United States* is one of the only cases in which a Court held that the tender of a refund did not moot a refund case under the voluntary cessation doctrine. 485 F.2d 313 (9th Cir. 1973). There, the Church of Scientology was in an ongoing, multi-year dispute with the Internal Revenue Service as to whether it was tax-exempt. The issue of exempt status, as the Court noted, "recurs each year," because, among other things, tax exempt entities don't even file income tax returns. *Id.* at 317. In fact, while the refund case was pending, the IRS continued to reject the Church of Scientology's information returns in tax years later than the tax years in the refund action and continued to summon the Church of Scientology's payroll records. *Id.* Thus, the Court of Appeals held that because of the "continuing" nature of that dispute over the Church of Scientology's tax exempt status, the IRS's tender of a full refund was not moot under the voluntary cessation exception. *Id.*

But the facts here are much different. The United States is not in an ongoing dispute with the Jarretts over whether they are subject to federal income taxes. The Jarretts have not alleged the IRS denied multiple refund claims for multiple years. Nor have they alleged the IRS is examining their tax returns for other tax years. Rather, the United States has granted one refund for one tax year. Plaintiffs may, as they hypothesize, seek a refund in a future tax year. Or they may not. That depends not only on whether they are earning staking rewards for any given year, but also on whether — accounting for all the other income, deductions, and payments they report on a future return — they report another overpayment. And the Jarretts may or may not file a refund suit over a

hypothetical, future refund claim. Right now, a future refund suit premised on a challenge to the taxability of staking rewards is little more than a possibility. That possibility is not enough to keep this case alive.

## Conclusion

For all these reasons, the Court should dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.

Dated: February 28, 2022

                                      DAVID A. HUBBERT
                                      Deputy Assistant Attorney General

                                      */s/ Ryan O. McMonagle*
                                      RYAN O. MCMONAGLE
                                      STEPHEN S. HO
                                      Trial Attorneys, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 227
                                      Washington, D.C. 20044
                                      202-307-1355; 202-616-8994 (v)
                                      202-514-6866 (f)
                                      Ryan.McMonagle@usdoj.gov
                                      Stephen.S.Ho@usdoj.gov