IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOSHUA JARRETT and <br> JESSICA JARRETT, <br><br>     Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br>     Defendant. | Case No. 3:21-cv-00419 <br> District Judge Campbell, Jr. <br> Magistrate Judge Newbern |

BRIEF OF *AMICUS CURIAE*
COIN CENTER
IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

Devin P. Lyon, Esq., BPR 032232
ARNETT, DRAPER & HAGOOD, LLP
800 S. Gay Street
First Horizon Plaza, Suite 2300
Knoxville, Tennessee 37902

*for Amicus Curiae*
*Coin Center*

# TABLE OF CONTENTS

|  |  | Page Number |
|---|---|---|
| TABLE OF CONTENTS | | ii |
| TABLE OF AUTHORITIES | | iii |
| I. | INTEREST OF *AMICUS CURIAE* | 1 |
| II. | ISSUE PRESENTED FOR REVIEW | 1 |
| III. | LAW AND ARGUMENT | 2 |
| IV. | CONCLUSION | 6 |
| CERTIFICATE OF SERVICE | | 7 |

# TABLE OF AUTHORITIES

**Cases**

Drs. Hill & Thomas Co. v. United States, 392 F.2d 204, 205 (6th Cir. 1968) ........................... 1, 4

**Other Authorities**

Andreas Antonopoulos, *The Internet of Money: A collection of talks by Andreas Antonopoulos: Volume 1*, CreateSpace Independent Publishing, August 30, 2016. ....................................... 2, 3

Andrew Perrin, "16% of Americans say they have ever invested in, traded or used cryptocurrency," *Pew Research Center*, November 11, 2021, https://www.pewresearch.org/fact-tank/2021/11/11/16-of-americans-say-they-have-ever-invested-in-traded-or-used-cryptocurrency/ ............................................................................................................................... 2

"Bitcoin Mining Map," Cambridge Bitcoin Electricity Consumption Index, Cambridge University Centre for Alternative Finance, accessed March 8, 2022, https://ccaf.io/cbeci/mining_map .... 2

Congressional Budget Office, "Trends in the Internal Revenue Service's Funding and Enforcement," July 2020, https://www.cbo.gov/publication/56467 ............................................. 5

Daniel Kuhn, "IRS Initiates 'Operation Hidden Treasure' to Root Out Unreported Crypto Income," *CoinDesk*, March 7, 2021, https://www.coindesk.com/markets/2021/03/07/irs-initiates-operation-hidden-treasure-to-root-out-unreported-crypto-income/ ................................................................................................................... 5

Drew Desilver, "IRS among least-popular federal agencies," *Pew Research Center*, May 16, 2013, https://www.pewresearch.org/fact-tank/2013/05/16/irs-among-least-popular-federal-agencies/ .................................................................................................................................... 5

"Emmer Leads Bipartisan Blockchain Caucus Letter to the IRS Ahead of Tax Day Urging Virtual Currency Guidance," Rep. Top Emmer, April 11, 2019, https://emmer.house.gov/2019/4/emmer-leads-bipartisan-blockchain-caucus-letter-irs-ahead-tax-day-urging ................................................................................................................... 3

Government Accountability Office, "Virtual Currencies: Additional Information Reporting and Clarified Guidance Could Improve Tax Compliance," GAO-20-188, February 12, 2020, https://www.gao.gov/products/gao-20-188 ................................................................................ 3

Internal Revenue Service, "Comprehensive Taxpayer Attitude Survey (CTAS) 2020," Executive Report, November 11, 2020, https://www.irs.gov/pub/irs-pdf/p5296.pdf ................................. 5

Internal Revenue Service, Notice 2014-21, https://www.irs.gov/pub/irs-drop/n-14-21.pdf .......... 4

"IRS Waves White Flag in Lawsuit Over Taxability of Cryptocurrency Staking Reward," *Proof of Stake Alliance*, February 3, 2022, https://www.proofofstakealliance.org/wp-content/uploads/2022/02/POSA-Press-Release-Feb-3-2022.pdf ................................. 4

James Foust, "A Duty to Answer: Six Basic Questions and Recommendations for the IRS on Crypto Taxes," *Coin Center*, April 2019, https://www.coincenter.org/a-duty-to-answer-six-basic-questions-and-recommendations-for-the-irs-on-crypto-taxes/ ......................................... 3

Michael McSweeney, "Exchanges call for greater regulatory clarity at IRS crypto tax summit," *The Block*, March 3, 2020, https://www.theblockcrypto.com/post/57639/exchanges-crypto-irs-tax-summity-clarity ................................................................. 3

Peter Van Valkenburgh, "Exploring the Cryptocurrency and Blockchain Ecosystem," testimony and answers before the United States Senate Committee on Banking, Housing, and Urban Affairs, October 11, 2018, https://www.banking.senate.gov/hearings/exploring-the-cryptocurrency-and-blockchain-ecosystem ............................................................... 2

Peter Van Valkenburgh, "IRS signals retreat in court battle that could reshape block reward taxation," *Coin Center*, February 3, 2022, https://www.coincenter.org/irs-signals-retreat-in-court-battle-that-could-reshape-block-reward-taxation/ ................................ 4

Peter Van Valkenburgh, "Open Blockchains and Decentralized Identity Standards," *Coin Center*, September 28, 2021, https://www.coincenter.org/open-blockchains-and-decentralized-identity-standards/ ........................................................................................ 2

Rep. David Schweikert, et al., Letter to IRS Commissioner Charles P. Rettig, July 29, 2020, https://www.proofofstakealliance.org/wp-content/uploads/2022/03/Final-Proof-of-Stake-IRS-Letter-7.29.20.pdf ........................................................................... 3, 4

Treasury Inspector General for Tax Administration, "The Internal Revenue Service Can Improve Taxpayer Compliance for Virtual Currency Transactions," Ref. No. 2020-30-066, September 24, 2020, https://www.treasury.gov/tigta/auditreports/2020reports/202030066fr.pdf ............... 3

## I. INTEREST OF *AMICUS CURIAE* [1]

The Government has offered the plaintiffs a refund in the hopes of mooting this case. Sixth Circuit precedent states that when analyzing whether a refund offer moots a case, courts should consider whether the plaintiff's claim presents a question of "public importance." See Drs. Hill & Thomas Co. v. United States, 392 F.2d 204, 205 (6th Cir. 1968) ("[u]nder the facts as stated above, we believe that the only arguable grounds for avoidance of dismissal for mootness would be the probability of immediate repetition of the issue and the public importance of a final decision"). Coin Center files this brief to explain why the question presented in this case has immense public importance.

Coin Center is an independent, non-profit research center focused on the public policy issues facing digital currency technologies such as Bitcoin and others. Coin Center's mission is to build a better public understanding of these technologies and to promote a regulatory climate that preserves the freedom to innovate using blockchain technologies. Coin Center frequently produces and publishes policy research from respected academics and experts, educates policymakers at all levels of government and the media about blockchain technology, and promotes sound public policy.

## II. ISSUE PRESENTED FOR REVIEW

Whether an offer of a refund moots a lawsuit where the refund was rejected by Plaintiffs and the matter being litigated is a matter of public importance requiring a final decision from this Court.

---

[1] No party's counsel authored this brief in whole or in part, and no one other than *amicus curiae* contributed money to fund the brief's preparation or submission.

### III. LAW AND ARGUMENT

A final decision in this case would carry great public importance. Millions of Americans now use cryptocurrencies, and a substantial fraction of those users also generate blockchain rewards through mining and staking activities. See Andrew Perrin, "16% of Americans say they have ever invested in, traded or used cryptocurrency," *Pew Research Center*, November 11, 2021, https://www.pewresearch.org/fact-tank/2021/11/11/16-of-americans-say-they-have-ever-invested-in-traded-or-used-cryptocurrency/; "Bitcoin Mining Map," Cambridge Bitcoin Electricity Consumption Index, Cambridge University Centre for Alternative Finance, accessed March 8, 2022, https://ccaf.io/cbeci/mining_map.[2] This is a good thing. While these technologies carry risks and may be used for trivial or even criminal pursuits, they are also a significant improvement over existing payments and digital identity systems. See Peter Van Valkenburgh, "Exploring the Cryptocurrency and Blockchain Ecosystem," testimony and answers before the United States Senate Committee on Banking, Housing, and Urban Affairs, October 11, 2018, https://www.banking.senate.gov/hearings/exploring-the-cryptocurrency-and-blockchain-ecosystem; Peter Van Valkenburgh, "Open Blockchains and Decentralized Identity Standards," *Coin Center*, September 28, 2021, https://www.coincenter.org/open-blockchains-and-decentralized-identity-standards/.

The emergence of open public digital ledgers, i.e., cryptocurrency blockchains, will be as consequential for American economic development and the individual speech and privacy rights of Americans as was the development of the open internet in the 1990s and 2000s. See Andreas Antonopoulos, *The Internet of Money: A collection of talks by Andreas Antonopoulos: Volume 1*,

---

[2] Pursuant to LR7.01(d)(5), all authorities within this brief that are not available in a reporter or legal research database are attached as **Collective Exhibit 1**.

CreateSpace Independent Publishing, August 30, 2016. Cryptocurrency users want to pay their fair share of taxes, and several ecosystem participants have urged the IRS to offer clarity regarding tax liabilities so that both the value of the technology and our national tax revenue can grow. See Michael McSweeney, "Exchanges call for greater regulatory clarity at IRS crypto tax summit," *The Block*, March 3, 2020, https://www.theblockcrypto.com/post/57639/exchanges-crypto-irs-tax-summity-clarity.

Nonetheless, the Internal Revenue Service has repeatedly failed to offer taxpayers clear guidance on cryptocurrency transactions. This failure has been identified by concerned members of Congress, the Government Accountability Office, the Treasury Inspector General for Tax Administration, and nonprofit advocacy organizations. See "Emmer Leads Bipartisan Blockchain Caucus Letter to the IRS Ahead of Tax Day Urging Virtual Currency Guidance," Rep. Top Emmer, April 11, 2019, https://emmer.house.gov/2019/4/emmer-leads-bipartisan-blockchain-caucus-letter-irs-ahead-tax-day-urging; Government Accountability Office, "Virtual Currencies: Additional Information Reporting and Clarified Guidance Could Improve Tax Compliance," GAO-20-188, February 12, 2020, https://www.gao.gov/products/gao-20-188; Treasury Inspector General for Tax Administration, "The Internal Revenue Service Can Improve Taxpayer Compliance for Virtual Currency Transactions," Ref. No. 2020-30-066, September 24, 2020, https://www.treasury.gov/tigta/auditreports/2020reports/202030066fr.pdf; James Foust, "A Duty to Answer: Six Basic Questions and Recommendations for the IRS on Crypto Taxes," *Coin Center*, April 2019, https://www.coincenter.org/a-duty-to-answer-six-basic-questions-and-recommendations-for-the-irs-on-crypto-taxes/.

On the specific issue of block reward taxation, a bipartisan group within Congress urged the IRS to revisit past guidance and offer clearer rules in the summer of 2020. See Rep. David

3

Schweikert, et al., Letter to IRS Commissioner Charles P. Rettig, July 29, 2020, https://www.proofofstakealliance.org/wp-content/uploads/2022/03/Final-Proof-of-Stake-IRS-Letter-7.29.20.pdf.

Moreover, to the extent existing guidance on block reward taxation was clear, the IRS's decision in this case to offer the plaintiff a refund directly contradicts that past guidance without offering new guidance regarding why they have changed course. See Internal Revenue Service, Notice 2014-21, https://www.irs.gov/pub/irs-drop/n-14-21.pdf; "IRS Waves White Flag in Lawsuit Over Taxability of Cryptocurrency Staking Reward," *Proof of Stake Alliance*, February 3, 2022, https://www.proofofstakealliance.org/wp-content/uploads/2022/02/POSA-Press-Release-Feb-3-2022.pdf; Peter Van Valkenburgh, "IRS signals retreat in court battle that could reshape block reward taxation," *Coin Center*, February 3, 2022, https://www.coincenter.org/irs-signals-retreat-in-court-battle-that-could-reshape-block-reward-taxation/.

By attempting to moot this important case, the IRS is increasing uncertainty for thousands if not millions of already confused taxpayers. Its actions represent nothing more than an attempt to get out of an important court case that would, if it was allowed to continue, offer public clarity on a tax question with far reaching implications. For these reasons, the Government's Motion to Dismiss should be denied. The public importance of the subject matter demands a clear and binding holding irrespective of the offer of a refund. See Drs. Hill & Thomas Co. v. United States, 392 F.2d 204, 205 (6th Cir. 1968) ("[u]nder the facts as stated above, we believe that the only arguable grounds for avoidance of dismissal for mootness would be the probability of immediate repetition of the issue and the public importance of a final decision").

Compounding the public's uncertainty regarding cryptocurrency taxation, the enforcement efforts of the IRS have ramped up. See Daniel Kuhn, "IRS Initiates 'Operation Hidden Treasure'

to Root Out Unreported Crypto Income," *CoinDesk*, March 7, 2021, https://www.coindesk.com/markets/2021/03/07/irs-initiates-operation-hidden-treasure-to-root-out-unreported-crypto-income/. Starving taxpayers of clear policy statements while simultaneously expanding enforcement of unclear rules will erode taxpayer faith in the rule of law, reduce tax compliance and tax revenue because of the costs inherent in determining a correct approach, and subject thousands of taxpayers to potential criminal liability without reasonable attempts to make them aware of those liabilities and how they can be avoided. See Drew Desilver, "IRS among least-popular federal agencies," *Pew Research Center*, May 16, 2013, https://www.pewresearch.org/fact-tank/2013/05/16/irs-among-least-popular-federal-agencies/; Congressional Budget Office, "Trends in the Internal Revenue Service's Funding and Enforcement," July 2020, https://www.cbo.gov/publication/56467; Internal Revenue Service, "Comprehensive Taxpayer Attitude Survey (CTAS) 2020," Executive Report, November 11, 2020, https://www.irs.gov/pub/irs-pdf/p5296.pdf. Such a result would be an offense to the rule of law and the dignity and rights of taxpayers.

We eagerly await a decision from this Court on these important questions.

5

## IV. CONCLUSION

For these reasons, *amicus curiae* Coin Center respectfully requests this Court deny the Department of Justice's Motion to Dismiss as this is a matter of public importance requiring a final decision.

Respectfully submitted,

Coin Center

Dated: March 14, 2022

By: /s/ Devin P. Lyon
Devin P. Lyon, BPR 032232
**ARNETT, DRAPER & HAGOOD, LLP**
800 S. Gay Street
First Horizon Plaza, Suite 2300
Knoxville, Tennessee 37902
*Attorney for Amicus Curiae*

# CERTIFICATE OF SERVICE

I certify that on March 14, 2022, a copy of this Brief of *Amicus Curiae* Coin Center in Support of Plaintiffs' Response to Motion to Dismiss was served on the following by the Court's Electronic Case Filing System (CM/ECF) pursuant to LR5.02:

Cameron T. Norris, Esq.
Jeffrey M. Harris, Esq.
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703-243-9423

David L. Forst, Esq.
Sean P. McElroy, Esq.
Jacob A. Wittman, Esq.
**Fenwick & West LLP**
Silicon Valley Center
801 California Street
Mountain View, CA 94041
650-988-8500

J. Abraham Sutherland, Esq.
104 Prospect Street
Black Mountain, NC 28711
805-689-4577

Charles Malone, Esq.
Jason W. Callen, Esq.
Joseph F. Welborn, III, Esq.
R. Gregory Parker, Esq.
**K&L Gates LLP**
222 Second Avenue South
Suite 1700
Nashville, TN 37201
615-780-6731

*Attorneys for Plaintiffs*

Ryan O. McMonagle, Esq.
Stephen S. Ho, Esq.
**U.S. Department of Justice**
**Tax Division**
P.O. Box 227
Washington, D.C. 20044
202-307-1355; 202-616-8994

*Attorneys for Defendant*

/s/ Devin P. Lyon