IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOSHUA JARRETT and JESSICA JARRETT, | Case No. 3:21-cv-00419 |
| Plaintiffs, | District Judge William L. Campbell, Jr. |
| v. | Magistrate Judge Alistair E. Newbern |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**REPLY IN SUPPORT OF
UNITED STATES' MOTION TO DISMISS**

## Introduction

As the overwhelming weight of authority shows, a full refund renders a refund suit moot unless an exception to mootness applies. All the Courts of Appeals that have considered the issue, including the Sixth Circuit, agree. Rather than argue within the lines of this well-established legal framework for analyzing mootness in refund cases, Plaintiffs try to create their own. In their view, a full tax refund is merely a settlement offer which can be rejected without affecting the Court's subject matter jurisdiction and a refund does not make them whole without a judicial opinion. They do not rely on tax refund cases in support of these claims. Nor do they argue in any meaningful way the exceptions to mootness apply. The opposition has no merit.

## Argument

### I. *CAMPBELL-EWALD* IS NOT ON POINT

The Jarretts argue mainly that the Supreme Court's opinion in *Campbell-Ewald v. Gomez*, 577 U.S. 153 (2016) controls the resolution here rather than the Eleventh Circuit's opinion in *Christian Coalition v. United States*, 662 F.3d 1182 (11th Cir. 2011). According to the Jarretts, *Christian Coalition*, a case analyzing whether a post-litigation refund renders a refund case moot, "bears no resemblance to this case." Pl. Opp'n at 17. [1] They urge that *Campbell-Ewald*, a class action lawsuit under the Telephone Consumer Protection Act for damages and injunction in which

---

[1] Plaintiffs are correct that the United States was required to refund the plaintiff's payments in *Christian Coalition*. They are incorrect that the court said, "the case would be different if the government had granted the refund 'in response to pending litigation' in order to 'deprive the court of jurisdiction without any independent basis [in the tax code] for granting the refund." Pl. Opp'n at 17. The phrases "the case would be different" and "[in the tax code]" are not from the opinion; they are Plaintiffs' own gloss. In fact, the very next sentence of the quoted passage says, "We offer no opinion on the merits of a voluntary cessation claim presented under such circumstances, as those circumstances do not describe the case currently before us." *Christian Coalition*, 662 F.3d at 1196 n.13.

the plaintiff rejected a settlement offer of his individual claims, is more apt. *Id*. at 6-12. *Campbell-Ewald* is materially different from this case.

For one thing, *Campbell-Ewald* was a class action lawsuit. While the Jarretts take great pains to make this case sound like it is a class action, it is not. *See* Pl. Opp'n at 13. They are not class representatives for a "large number of taxpayers engaging in similar staking activities." *Id*. Nor would an opinion from this Court resolve this issue for others. *Cohen v. United States*, 650 F.3d 717, 732 (D.C. Cir. 2011) ("Apparently, even if § 7422(a) allowed for an injunction or declaratory judgment, the relief would be individualized, not class wide as Appellants seek."). This case is in all ways an individual action for an individual monetary remedy.

The Jarretts respond it does not matter, because the Court only addressed the individual claim and not the putative class claims in *Campbell-Ewald*. Pl. Opp'n at 7.[2] That fact supports the United States' position, not the Jarretts'. The defendant in *Campbell-Ewald* did not make an offer to resolve the whole case as to the entire putative class. Instead, it offered to settle only the named plaintiff's claims individually and then dismiss the entire case as moot before a class was certified. *Campbell-Ewald*, 577 U.S. at 158-59. This refund case, in contrast, involves only the Jarretts' individual claims. So the defendant in *Campbell-Ewald* did not offer all of the relief sought in the complaint, or anything close to it. Here, the United States has.

For another thing, *Campbell-Ewald* involved an offer to settle and not a refund. The Jarretts again see no difference between the two. And again, they are wrong. The defendant in *Campbell-Ewald* did not concede the entire class action case and it was not bound to pay anything to the

---

[2] That is the entire point of making an offer of judgment in a class action: to "pick off" the named plaintiff to end the class action for less than full class-wide relief. *See, e.g.*, *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (S.D. Ohio 2008) (striking Rule 68 offer and noting "defendants could pay a small amount to settle the named plaintiffs' claims and thereby avoid paying a much bigger recovery to the putative class of aggrieved persons.").

plaintiff unless the plaintiff accepted the Rule 68 offer of judgment within fourteen days. *Id.* at 162, 163. Tax refunds are different. Refunds are simply what happens when payments exceed the tax liability on a taxpayer's IRS account. The United States did not – and need not – ask the Jarretts if they would accept a credit for the exact refund they sued for any more than it would outside of litigation; the IRS may simply adjust the taxpayers' account to show a credit, which generates a refund check. It also matters little that the Jarretts have chosen not to cash the check: the United States' obligations to the Jarretts ended once the check was mailed to their attorneys. *See Your Ins. Needs Agency, Inc. v. United States*, 274 F.3d 1001, 1007 (5th Cir. 2001).

In any event, it bears repeating that Plaintiffs point to no case in which a court has applied contract principles to a full tax refund. There is no reason for this case to be the first.

## II. INJUNCTIVE AND DECLARATORY RELIEF ARE UNAVAILABLE

The Jarretts also continue to contend that they can obtain prospective relief (specifically injunctive relief) in a refund case. Pl. Opp'n at 18-21. Their arguments on this point have no merit.

First, the Jarretts have asked for neither injunctive nor declaratory relief in their Complaint. Compl. [Dkt. No. 1]. So their suggestion that they *could* is irrelevant.

Second, the Jarretts do not argue that they can obtain declaratory relief, and therefore concede that point. In any event, the Declaratory Judgment Act (28 U.S.C. § 2201) does not permit declaratory relief "with respect to federal taxes" except under 26 U.S.C. § 7428. And the Act is "at least as broad" as the Anti-Injunction Act, so the unavailability of declaratory relief precludes injunctive relief. *Bob Jones Univ*, 416 U.S. at 733 n.7, *Cohen,* 650 F.3d at 722.

Third, Plaintiffs' assertion that both *Bob Jones University v. United States* and *Cohen v. United States* show injunctive relief is available in a refund suit badly misrepresents both cases.

*Bob Jones University* does not say that. In *Bob Jones University*, a taxpayer sought to enjoin the IRS from revoking its tax-exempt status. The Court held the action was barred by the

3
Case 3:21-cv-00419   Document 53   Filed 03/21/22   Page 4 of 8 PageID #: 666

Anti-Injunction Act (26 U.S.C. § 7421(a)) ("AIA") and the AIA's exceptions did not apply *because* the taxpayer could litigate the issue in a refund suit. *Bob Jones Univ.*, 416 U.S. 725, 746 (1974). In other words, the AIA "require[s] that the legal right to the disputed sums be determined in a suit for refund." *Id.* at 736. This does not mean a taxpayer can get injunctive relief in a refund suit; it means a taxpayer cannot sue for an injunction against the imposition of a tax if he or she could bring a refund suit.[3]

*Cohen* does not say what the Jarretts claim either. *Cohen* was also not a refund case; it was an Administrative Procedure Act ("APA") challenge to an IRS refund procedure for an excise tax that was declared illegal. *Cohen*, 650 F.3d at 719-20. Still, the Jarretts claim that the "en banc D.C. Circuit explained 'precedent demonstrates that declaratory relief and injunctive relief are available in tax refund suits. . . And 'the Government has acknowledged' before that 'plaintiffs could obtain appropriate declaratory and injunctive relief in tax refund suits.'" Pl. Opp'n at 20. The *Cohen* majority said no such thing: Plaintiffs' cherry-picked language comes from a footnote in the *dissent*. *Id.* at 740 n.5. In fact, the en banc majority opinion disagreed, holding that a refund action was *not* an adequate legal remedy precluding APA relief because: "Section 7422(a) provides for the recovery of any internal revenue tax. It does not, at least explicitly, allow for prospective relief." *Id.* at 732 (en banc) (cleaned up).

### III. THE OPPOSITION FAILS TO SHOW ANY OF THE JUDICIAL EXCEPTIONS TO MOOTNESS APPLY HERE

The Jarretts sidestep (if not ignore) the "voluntary cessation" and the "capable of repetition yet evading review" exceptions to mootness. And what cursory argument and facts they do offer

---

[3] The AIA does not bar "actions brought by aggrieved parties for whom it has not provided an alternative remedy." *South Carolina v. Regan*, 465 U.S. 367, 378 (1984). A refund suit is such a remedy. *Id.* at 376.

fail to rebut the United States' showing (in the case of the voluntary cessation exception) or carry their own burden (in the case of the "capable of repetition" exception).

The Jarretts do not even respond to the United States' argument that the "voluntary cessation" exception does not apply. In fact, they do not even mention it. That failure constitutes a concession.

They also do not meet their own burden of establishing that the "capable of repetition, yet evading review" exception applies. The Jarretts do not argue the refund action is "too short to be fully litigated prior to its cessation." *Thomas Sysco Food Servs. v. Martin*, 983 F.2d 60, 62 (6th Cir. 1993). Nor do they try to make a "reasonable showing that [they] will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). They have the burden of "establishing both prongs." *Lawrence v. Blackwell*, 430 F.3d 368, 371 (6th Cir. 2005). Mr. Jarrett offers only that "in 2019 and in every year since, [he] has engaged in a staking enterprise . . . and creat[ed] new tokens on the Tezos public blockchain" and he "intends to continue engaging in such staking enterprise for the foreseeable future." Declaration of Joshua Jarrett [Dkt. No. 51-1] ¶¶ 4-5. He does not say he reported these tokens as income, paid taxes on them, or that he expects to even request another refund. This is insufficient to show that he will "again be subjected" to the denial of a refund claim.[4] Having failed to meet both prongs, the Jarretts cannot rely on this exception to mootness to save this action.

## Conclusion

For all the reasons set forth in the United States' motion and reply, the Court should dismiss this case as moot under Fed. R. Civ. P. 12(b)(1).

---

[4] "Public importance"(Pl. Opp'n at 12) is not one of the prongs of the "capable of repetition" mootness exception. *See Allen v. Collins*, 529 F. App'x 576, 579-80 (6th Cir. 2013).

Dated: March 21, 2022                    Respectfully submitted,

                                         DAVID A. HUBBERT
                                         Deputy Assistant Attorney General


                                         */s/ Ryan O. McMonagle*
                                         RYAN O. MCMONAGLE
                                         STEPHEN S. HO
                                         Trial Attorneys, Tax Division
                                         U.S. Department of Justice
                                         P.O. Box 227
                                         Washington, D.C. 20044
                                         202-307-1355; 202-616-8994 (v)
                                         202-514-6866 (f)
                                         Ryan.McMonagle@usdoj.gov
                                         Stephen.S.Ho@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2022, I electronically filed the foregoing Reply in Support of United States' Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David L. Forst
Fenwick & West LLP
801 California Street
Mountain View, CA 94041
dforst@fenwick.com

Sean P. McElroy
Fenwick & West LLP
801 California Street
Mountain View, CA 94041
smcelroy@fenwick.com

Jeffrey M. Harris
Consovoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
jeff@consovoymccarthy.com

Cameron Norris
Consovoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
cam@consovoymccarthy.com

J. Abraham Sutherland
104 Prospect Street
Black Mountain, NC 28711
abesutherland@gmail.com

Jason W. Callen
K&L Gates LLP
222 Second Avenue South
Suite 1700
Nashville, TN 37201
Jason.callen@klgates.com

Charles Malone
K&L Gates LLP
222 Second Avenue South
Suite 1700
Nashville, TN 37201
Charlie.Maleon@klgates.com

R. Gregory Parker
K&L Gates LLP
222 Second Avenue South
Suite 1700
Nashville, TN 37201
Greg.parker@klgates.com

Joseph F. Wellborn, III
K&L Gates LLP
222 Second Avenue South
Suite 1700
Nashville, TN 37201
Joe.Wellborn@klgates.com

*/s/ Ryan O. McMonagle*
RYAN O. MCMONAGLE
Trial Attorney
United States Department of Justice, Tax Division