## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JOSHUA JARRETT and<br>JESSICA JARRETT, | ) | Case No. 3:21-cv-00419 |
| Plaintiffs, | ) | District Judge William L. Campbell, Jr. |
| v. | ) | Magistrate Judge Alistair E. Newbern |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF
## OF AMICUS CURIAE

Coin Center seeks leave to file a purported amicus brief along with more than four hundred pages of exhibits. Motion for Leave to File Amicus Brief [Dkt. No. 49, 49-1, 49-2]. The proposed brief asserts how "consequential" cryptocurrency is "for American economic development" and notes that the IRS "has repeatedly failed to offer taxpayers clear guidance on cryptocurrency transactions." Proposed Amicus Brief [Dkt. No. 49-1] at 2, 3. It then parrots the very same points that Plaintiffs have made in their opposition, and discusses some press releases and articles about this case. *Id.* at 4 (noting "by attempting to moot this important case, the IRS is increasing uncertainty for thousands if not millions of already confused taxpayers"); *id.* at 3-5 (citing articles about this case).

As this Court has noted, "the purpose of an amicus is to provide *impartial* information on matters of law about which there was doubt, especially in matters of public interest. Accordingly, amicus curiae have been consistently precluded from participating in litigation in a totally adversarial fashion. Participation as an amicus is a privilege within the sound discretion of the courts, depending upon a finding that the proffered information is timely, useful, or otherwise

necessary to the administration of justice." *Bright v. Brookdale Senior Living, Inc.*, No. 3:19-cv-00374, No.3:20-cv-00353, 2020 WL 12893860, at *1 (M.D. Tenn. Oct. 23, 2020) (Campbell, J.) (cleaned up). Similarly, under Federal Rule of Appellate Procedure 29(a)(3), a proposed amicus must show "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." In other words, amicus briefs "ought to add something distinctive to the presentation of the issues," and if they do not, leave should not be granted. *George W. Sweigert v. Cable News Network, Inc.*, No. 20-cv-12933, 2022 WL 842322, at *2 (E.D. Mich. Mar. 21, 2022).

Coin Center meets none of these standards. First, Coin Center's brief is "totally adversarial" to the United States. Indeed, it "respectfully requests this Court deny the Department of Justice's Motion to Dismiss," as though it were an opposition to the pending motion. Proposed Amicus Brief at 6. That alone warrants denial of the motion for leave. *Bright*, 2020 WL 12893860, at *2 (denying motion to leave because the "proposed amicus submissions inappropriately adopt a directly adversarial position toward [defendant].").

Coin Center's brief is also largely irrelevant. The only remaining issue here is whether the "voluntary cessation" or "capable of repetition, yet evading review" exceptions to mootness permit this case to go forward. United States' Memorandum in Support of Motion to Dismiss [Dkt. No. 42] ("Opening Mem.") at 6. The importance of a merits determination to members of the public is not an element of *either* mootness exception. Opening Mem. at 7-8 (collecting cases analyzing "voluntary cessation" exception); Reply in Support of Motion to Dismiss [Dkt. No. 53] ("Reply") at 5 (collecting cases analyzing the two prongs of "capable of repetition, yet evading review" exception). And, in any event – even if litigated to final judgment – this case would provide only

individual and not "class-wide" relief for "millions of taxpayers." Reply at 2 (citing *Cohen v. United States*, 650 F.3d 717, 732 (D.C. Cir. 2011)).

Even if the "public importance" of the merits of this case were a factor for the court's consideration, Coin Center offers nothing "distinctive" on that point. Plaintiffs addressed this issue for around six pages in their opposition. Plaintiffs' Memorandum in Opposition to Motion to Dismiss [Dkt. No. 51] ("Pl. Opp'n") at 12-18. Plaintiffs' brief even cites some of the very same materials as Coin Center. *Compare* Pl. Opp'n at 15-16 (citing Letter from Rep. David Schweikert to IRS Commissioner Charles Rettig) *with* Proposed Amicus Brief at 3 (same).

In short, Coin Center's brief is little more than an addendum to Plaintiffs' opposition. The Court should deny the motion for leave to file.

Dated: March 28, 2022                          Respectfully submitted,

                                               DAVID A. HUBBERT
                                               Deputy Assistant Attorney General


                                               */s/ Ryan O. McMonagle*
                                               RYAN O. MCMONAGLE
                                               STEPHEN S. HO
                                               Trial Attorneys, Tax Division
                                               U.S. Department of Justice
                                               P.O. Box 227
                                               Washington, D.C. 20044
                                               202-307-1355; 202-616-8994 (v)
                                               202-514-6866 (f)
                                               Ryan.McMonagle@usdoj.gov
                                               Stephen.S.Ho@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2022, I electronically filed the foregoing

Opposition to Motion for Leave to File Brief of Amicus Curiae with the Clerk of Court using the

CM/ECF system, which will send notification of such filing to the following:

David L. Forst
Fenwick & West LLP
801 California Street
Mountain View, CA 94041
dforst@fenwick.com
*Counsel for Plaintiffs*

Sean P. McElroy
Fenwick & West LLP
801 California Street
Mountain View, CA 94041
smcelroy@fenwick.com
*Counsel for Plaintiffs*

Jeffrey M. Harris
Consovoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
jeff@consovoymccarthy.com
*Counsel for Plaintiffs*

Cameron Norris
Consovoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
cam@consovoymccarthy.com
*Counsel for Plaintiffs*

J. Abraham Sutherland
104 Prospect Street
Black Mountain, NC 28711
abesutherland@gmail.com
*Counsel for Plaintiffs*

Jason W. Callen
K&L Gates LLP
222 Second Avenue South
Suite 1700
Nashville, TN 37201
Jason.callen@klgates.com
*Counsel for Plaintiffs*

Charles Malone
K&L Gates LLP
222 Second Avenue South
Suite 1700
Nashville, TN 37201
Charlie.Maleon@klgates.com
*Counsel for Plaintiffs*

R. Gregory Parker
K&L Gates LLP
222 Second Avenue South
Suite 1700
Nashville, TN 37201
Greg.parker@klgates.com
*Counsel for Plaintiffs*

Joseph F. Wellborn, III
K&L Gates LLP
222 Second Avenue South
Suite 1700
Nashville, TN 37201
Joe.Wellborn@klgates.com
*Counsel for Plaintiffs*

Devin P. Lyon
Arnett, Draper And Hagood, LLP
800 S. Gay Street
First Horizon Plaza, Suite 2300
Knoxville, TN 37902
dylon@adhknox.com
*Counsel for Coin Center*

*/s/ Ryan O. McMonagle*
RYAN O. MCMONAGLE
Trial Attorney
United States Department of Justice, Tax Division