UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA JARRETT, JESSICA JARRETT<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:21-cv-00419<br><br>District Judge William L. Campbell Jr.<br><br>Magistrate Judge Alistair E. Newbern |

## MOTION TO MODIFY SCHEDULING ORDER AND MOTION TO AMEND COMPLAINT

Plaintiffs Joshua and Jessica Jarrett, by and through their undersigned counsel, hereby move the Court to modify the scheduling order and for leave to amend their Complaint. Specifically, the Jarretts move to amend their Complaint to clarify that they seek injunctive and declaratory relief and to add supporting factual allegations. A proposed First Amended Complaint is attached. The government opposes this motion.

To be clear, the Jarretts do not believe they need to amend their Complaint. When they broached this topic with the government after the government filed its motion to dismiss, the government agreed that amendment was unnecessary. *See*

Opposition (Dkt. 51) at 4 n.1. But then the government, for the first time, made a facial attack on the Jarretts' complaint in its Reply filed one week ago. Reply (Dkt. 53), at 3. The Jarretts thus are filing this motion out of an abundance of caution.

It remains well within the discretion of this Court to grant injunctive and declaratory relief on the basis of the Jarretts' originally filed Complaint. Further, the government has not challenged the Jarretts' arguments in Parts I and II of their Opposition on the basis of their Complaint. However, because the government's reply now asserts a facial challenge to the Jarretts' Complaint, justice requires that the Jarretts be afforded the opportunity to amend.

## RELEVANT FACTS[1]

In May 2021, the Jarretts filed the Complaint in this case. Dkt. 1 (Compl.). In its prayer for relief, the Complaint asks for, in addition to "a judgment that the disputed federal income taxes were erroneously assessed," an "award of such other and further relief as the Court deems just and proper." *Id.*, Prayer. The Jarretts have not previously amended their Complaint.

On December 21, 2021, one week after the Court's deadline to amend pleadings had passed,[2] the government offered a refund to the Jarretts. *See* Forst Decl. (Dkt. 51-2), Ex. A.

---

[1] The facts of this case are discussed in detail in the Jarretts' Opposition, at pp. 2-4.

[2] The final date to amend pleadings per the Scheduling Order was December 15, 2021. Dkt. 34.

2

On February 28, 2022, the government filed its motion to dismiss. *See* Mot. to Dismiss (Dkt. 41). On March 1, 2022 the Jarretts consulted with the government about a motion to amend their Complaint. In responding by email to the Jarretts' counsel on March 2, 2022, the government stated "[t]here is no reason plaintiffs need to amend the complaint . . . since this is not a facial challenge to subject matter jurisdiction but a factual one." The Jarretts agree with the government's analysis; the government's motion is factual and therefore does not require amendment of the Complaint. *See* Opposition at 4 n.1.

Nevertheless, the government apparently changed its mind in its Reply filed last week and put the Jarretts' Complaint at issue for the first time, stating that "the Jarretts have asked for neither injunctive nor declaratory relief in their Complaint. So their suggestion that they *could* is irrelevant." Reply, at 3.

## ARGUMENT

The Jarretts have the right to obtain injunctive and forward-looking relief in this lawsuit. But because the government now asserts that the Jarretts lack this right at least in part because they did not specifically plead for injunctive and forward-looking relief, the Jarretts now bring this motion.

The Jarretts move both to amend the scheduling order and for leave to amend their Complaint. For the reasons stated below, good cause exists to amend the scheduling order, and justice requires that the Jarretts be afforded the opportunity to amend.

I.  **Good Cause Exists To Modify the Scheduling Order and Consider the Jarretts Motion To Amend.**

Under Fed. R. Civ. P. 16(b)(4), the Court's "schedule may be modified only for good cause and with the judge's consent." In determining whether good cause exists, courts first consider the diligence of the party seeking the extension and also consider whether the opposing party will suffer prejudice by virtue of the amendment. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citing cases); *see also Ott v. Publix Super Mkts., Inc.*, 298 F.R.D. 550, 558 (M.D. Tenn. 2014).

Good cause exists here. First, the Jarretts have been diligent in seeking this extension. The Jarretts bring this motion one week after the government filed its reply brief where for the first time it brought a facial attack on the Jarretts' Complaint. Before then, the government had told Jarretts' counsel that there was no reason for the Jarretts to amend their complaint. *See* Opposition, at 4 n.1.

Nor will the government suffer prejudice if the Jarretts have an opportunity to amend. It was the government who has brought the sufficiency of the Jarretts' complaint into issue in its Reply. Further, the government's offer of refund that is the basis for the government's motion to dismiss was made one week *after* the deadline for amending pleadings.

For these reasons, good cause exists to modify the scheduling order.

## II. Justice Requires the Jarretts Be Afforded the Opportunity to Amend Their Complaint.

Once a responsive pleading is filed, a party may only amend its pleading with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). A court should freely give leave to amend when justice so requires. *Id.* In determining whether to grant such leave, a court should consider a number of factors, including the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

For the reasons stated in Part I above, justice requires that the Jarretts be granted leave to amend, and the factors cited in *Perkins* amply support the Jarretts.

Further, amendment would not be futile here. "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). Because the government, in its Reply, supported its motion to dismiss by alleging deficiencies in the Jarretts' Complaint, justice requires that the Jarretts be afforded the opportunity to amend their Complaint to correct such alleged deficiencies. *See* Opposition, at 18-21.

### III. This Court May Grant Injunctive and Forward-Looking Relief Under FRCP 54.

An amendment could not possibly prejudice the government because, with or without the amendment, the Jarretts can obtain forward-looking relief. Their complaint already asked for declaratory judgment. *See* Complaint, Prayer. And Fed. R. Civ. P. 54(c) gives this Court the ability to grant the Jarretts other relief, including an injunction, "even if the [Jarretts have] not demanded that relief in its pleadings." *See, e.g., United States v. Marin*, 651 F.2d 24, 30-31 (1st Cir. 1981) (affirming award of damages where parties did not specifically plead damages and prayed for "such other and further relief as is equitable in the premises").

Courts have refused to award relief outside the pleadings if it would prejudice the defendant, *see Albermarle Paper Co. v. Moody*, 422 U.S. 405, 424 (1975), but (as here) where there is no prejudice, "a party should experience little difficulty in securing a remedy other than that demanded in the pleadings so long as the party shows a right to it." 10 C. Wright et al., *Federal Practice & Procedure* (4th ed. 2014) § 2662. The government will not be prejudiced because it has already briefed the Jarretts' right to an injunction. An amendment will not change the parties' debate over whether the Jarretts can obtain an injunction; it will change only the government's argument that the Jarretts did not seek an injunction. Crediting the government's argument while also denying this motion would be "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be

avoided on the basis of such mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181-82 (1962).

## CONCLUSION

For the aforementioned reasons, the Court should grant the Jarretts' motion to amend the scheduling order, and grant the Jarretts' motion to amend.

 

Respectfully submitted,

CONSOVOY MCCARTHY PLLC
Cameron T. Norris
Jeffrey M. Harris
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: 703.243.9423

FENWICK & WEST LLP
/s/ David L. Forst
David L. Forst
Sean P. McElroy
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

J. Abraham Sutherland
104 Prospect Street
Black Mountain, NC 28711
Telephone: 805.689.4577

DATED: March 28, 2022

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2022, I electronically filed the foregoing Motion for Oral Argument with the Clerk of Court using the CM/ECF system, which sent notification to Defendant's Counsel:

**Ryan O'Connor McMonagle**
**Stephen S. Ho**
U.S. Department of Justice, Tax Division
PO Box 227
Washington, DC 20044
Ryan.McMonagle@usdoj.gov
Stephen.S.Ho@usdoj.gov


Dated: March 28, 2022

/s/ David L. Forst