IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOSHUA JARRETT and JESSICA JARRETT, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | )<br>) |

Case No. 3:21-cv-00419
District Judge Campbell, Jr.
Magistrate Judge Newbern

REPLY IN SUPPORT OF COIN CENTER'S MOTION
FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*

Amicus briefs like Coin Center's are filed—and allowed—in federal courts routinely. The question before this Court is whether the Government's refund offer moots the Jarretts' case. That question, according to the one Sixth Circuit precedent to squarely address it, turns partly on "the public importance of a final decision." Drs. Hill & Thomas Co. v. United States, 392 F.2d 204, 205 (6th Cir. 1968). Coin Center's brief explains why a final decision in this case has public importance. Coin Center is well-positioned to make that point, given its expertise in the regulatory, economic, and technological issues surrounding cryptocurrency. And Coin Center's presentation should help this Court, to the extent that the Court is not familiar with the issues surrounding this technology.

That the Government opposes letting Coin Center even *file* its brief is puzzling. The Government doesn't argue timeliness—Coin Center filed its brief the same day the Jarretts filed theirs, which gave the Government the maximum time possible to respond. The Government doesn't argue prejudice either, despite spending 600+ more words opposing Coin Center's right to file an amicus brief than it does responding to the arguments made in Coin Center's brief. Compare

Opp. (Doc. 54) 1-3, with MTD Reply (Doc. 53) 5 n.4. (And using an opposition to an amicus brief to make arguments that the Government did not make in its Reply to its Motion to Dismiss is, of course, inappropriate.)

Instead, the Government asks this Court to reject Coin Center's brief outright for three reasons: the brief is (1) "adversarial to the United States," (2) is supposedly duplicative, and (3) is "largely irrelevant" on the law. Opp. 2-3. Of course, to evaluate these arguments, the Court will have to *closely read* Coin Center's brief—defeating the entire purpose of the Government's opposition. See Neonatology Assocs., P.A. v. Comm'r, 293 F.3d 128, 132-33 (3d Cir. 2002) (Alito, J.). But, more importantly, the Government's three arguments are incorrect and insufficient reasons to deny Coin Center's Motion.

In turn, **(1)** Coin Center's brief is hardly "adversarial" to the United States. It merely notes the lack of legal clarity surrounding these issues and explains why a decision on the merits—one way or the other—is important. Coin Center's brief is far less adversarial than most amicus briefs filed in federal court. And it's a far cry from the five, "unintelligible" amicus briefs containing "rambles or rants" filed by a *pro se* litigant that the Government cites in Bright v. Brookdale Senior Living, Inc., where the filer, whose wife worked for the defendant, tried to file a "whistleblower" complaint accusing the defendant of a "variety of wrongs." Nos. 3:19-cv-00374/3:20-cv-003532020, 2020 U.S. Dist. LEXIS 261609, at *3-6 (M.D. Tenn. Oct. 23, 2020); cf. Opp. 1-2 (relying on Bright without discussing its facts).

Even if Coin Center's brief was "adversarial," the notion that an amicus must be impartial "became outdated long ago." Neonatology Assocs., 293 F.3d at 131; accord Bright, 2020 U.S. Dist. LEXIS 261609, at *4 n.2. It is even more outdated two decades later. See, e.g., Lefebure v. D'Aquilla, 15 F.4th 670, 674 (5th Cir. 2021). A contrary rule could bar every amicus brief in every

2

Case 3:21-cv-00419   Document 56   Filed 03/30/22   Page 2 of 6 PageID #: 694

case considering that the Federal Rules *require* amici to have an "interest in the case" and "identify the party [. . .] supported." FED. R. APP. P. 29(a)(4). Blocking briefs because they are "adversarial to the United States" also invites viewpoint discrimination of the worst kind: preventing criticism of the government. See Lefebure, 15 F.4th at 674-75. And the very premise of our adversarial system is that courts make better decisions when presented with robust briefing by zealous advocates. Neonatology Assocs., 293 F.3d at 131. No wonder, then, that the Tax Division of the U.S. Department of Justice itself has filed "adversarial" amicus briefs specifically requesting that judgments and orders "be reversed."[1]

**(2)** Nor does Coin Center's brief merely "parro[t] the very same points" as the Jarretts. Opp. 1. The Government immediately contradicts itself on this point by stressing that Coin Center's brief includes "more than four hundred pages" of sources,[2] yet the Jarretts did not cite any of these materials. Opp. 1. Regardless, Coin Center's brief accomplishes multiple accepted purposes of amicus briefs: "'collect background or factual references that merit judicial notice,'" provide "'particular expertise not possessed by any party,'" and "'explain the impact a potential holding might have on an industry or other group.'" Neonatology Assocs., 293 F.3d at 132. A

---

[1] See, e.g., Br. of United States as Amicus Curiae in Support of Appellant & Supporting Reversal, In re Cleary Packaging, LLC Debtor, No. 21-1981, 2021 WL 5983268 (4th Cir. Dec. 7, 2021) (requesting that a judgment "be reversed"); Br. for Amicus Curiae United States of America in Support of BNSF Railway Co. as Cross-Appellant in Favor of Reversal, Loos v. BNSF Railway Co., No. 16-1123, 2016 WL 1253412 (8th Cir. Mar. 23, 2016) (requesting that the Eighth Circuit Court of Appeals "reverse the memorandum and order of the District Court"); Br. for the United States as Amicus Curiae in Support of Appellant and in Support of Reversal, Noel v. N.Y.S. Office of Mental Health Central N.Y. Psychiatric Ctr., No. 10-3483, 2011 WL 2530861 (2d Cir. June 2011) (asserting that "[t]he District Court's order was incorrect and should be reversed").

[2] Coin Center did not file "more than four hundred pages of exhibits." Opp. 1. It merely followed this Court's LR7.01(d)(5), which requires litigants to append a copy of any "cited authority [that] is not available in any reporter or legal research database." Surely the Government is not prejudiced by getting easily accessible copies of the sources cited in Coin Center's brief. Even if it were, the remedy would be to strike the copies, not to deny Coin Center leave to file its brief.

contrary rule limiting amici to nonduplicative arguments would be self-defeating. As the Government's cited opinion notes, amici *cannot* "joi[n] issues not joined by a party," Bright, 2020 U.S. Dist. LEXIS 261609, at *1, and they should not be forced to undergo the "distasteful task" of suggesting that the parties they support briefed the issues inadequately, Neonatology Assocs., 293 F.3d at 132.

**(3)** Lastly, Coin Center's brief makes a legally relevant point. It explains "the public importance of a final decision" in this case—a factor that the Sixth Circuit flagged as relevant in its one precedent addressing mootness in the context of tax refunds. Drs. Hill, 392 F.2d at 205 (citing S. Pac. Terminal Co. v. ICC, 219 U.S. 498, 516 (1911)). While public importance alone cannot keep a moot case alive, courts consider "the public interest in deciding whether to apply the 'capable of repetition' exception to mootness." Fialka-Feldman v. Oakland Univ. Bd. of Trustees, 639 F.3d 711, 715-16 (6th Cir. 2011). The Jarretts invoke that exception here, see MTD Opp. (Doc. 51) 12-18, and the Sixth Circuit was considering that exception when it invoked public importance in Drs. Hill. While the Government tries to claim that this Court's decision will not be important to the public, see Opp. 2-3, that argument is missing from the relevant section of its Reply brief, see MTD Reply 4-5 & n.4, and that argument is belied by its own attempts to *avoid* a decision on the merits in this case.

But even if the Government were ultimately right about this point, its arguments would not be a reason to deny Coin Center the right to even *make* contrary arguments in its amicus brief. Amicus briefs that fail to persuade simply fail to persuade; "[t]here is no need to exclude the brief altogether." Lefebure, 15 F.4th at 674. And it would be imprudent to outright reject Coin Center's brief at this "relatively early stage." Neonatology Assocs., 293 F.3d at 132. This Court will not know whether it agrees with Coin Center "without thoroughly studying [its] brie[f] and other
4

pertinent materials," and so "it is preferable to err on the side of granting leave." Id. at 132-33. If Coin Center's brief "turns out to be unhelpful," then this Court can "simply disregard" it later. Id. at 133. But if Coin Center's brief is helpful, then rejecting it now will leave this Court "deprived of a resource that might have been of assistance." Id.

Amicus briefs should be allowed unless it is "obvious" that they do not meet the governing criteria, "broadly interpreted." Id. Coin Center has used its expertise to address an argument that the caselaw deems relevant to the motion pending before this Court. Its motion for leave to file an amicus brief should be granted.

Respectfully submitted,

Coin Center

Dated: March 30, 2022

By: /s/ Devin P. Lyon
Devin P. Lyon, BPR 032232
**ARNETT, DRAPER & HAGOOD, LLP**
800 S. Gay Street
First Horizon Plaza, Suite 2300
Knoxville, Tennessee 37902
*Attorney for Amicus Curiae*

# CERTIFICATE OF SERVICE

I certify that on March 30, 2022, a copy of this Reply was served on the following by the Court's Electronic Case Filing System (CM/ECF) pursuant to LR5.02:

Cameron T. Norris, Esq.
Jeffrey M. Harris, Esq.
**Consovoy McCarthy PLLC**
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703-243-9423

David L. Forst, Esq.
Sean P. McElroy, Esq.
Jacob A. Wittman, Esq.
**Fenwick & West LLP**
Silicon Valley Center
801 California Street
Mountain View, CA 94041
650-988-8500

J. Abraham Sutherland, Esq.
104 Prospect Street
Black Mountain, NC 28711
805-689-4577

Charles Malone, Esq.
Jason W. Callen, Esq.
Joseph F. Welborn, III, Esq.
R. Gregory Parker, Esq.
**K&L Gates LLP**
222 Second Avenue South
Suite 1700
Nashville, TN 37201
615-780-6731

*Attorneys for Plaintiffs*

Ryan O. McMonagle, Esq.
Stephen S. Ho, Esq.
**U.S. Department of Justice**
**Tax Division**
P.O. Box 227
Washington, D.C. 20044
202-307-1355; 202-616-8994

*Attorneys for Defendant*

                                          /s/ Devin P. Lyon