IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOSHUA JARRETT and JESSICA JARRETT, | Case No. 3:21-cv-00419 |
| Plaintiffs, | District Judge William L. Campbell, Jr. |
| v. | Magistrate Judge Alistair E. Newbern |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## UNITED STATES' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

**Introduction**

After discussing the United States' planned motion to dismiss with the Court, agreeing to a briefing schedule, and following full briefing of the motion, Plaintiffs now ask for leave to amend the Complaint and the entry of a new scheduling order. They claim to do this purely out of necessity because the United States pointed out in its reply that Plaintiffs had not requested prospective relief they are precluded by law from obtaining.

The proposed amendments are futile. The United States moved to dismiss this case for mootness under Rule 12(b)(1), raising a factual challenge to the Court's subject matter jurisdiction. So adding factual allegations to the Complaint serves no purpose, particularly since the Jarretts have already made the same allegations in the declaration attached to their opposition to the motion to dismiss. Adding a request for prospective injunctive relief is also futile because both injunctive and declaratory relief are precluded by statute in this case.

In short, since the contents of the Complaint have no bearing on the pending motion to dismiss for lack of subject matter jurisdiction, Plaintiffs need not amend the Complaint at all. And

the legal issues they seek to address with those amendments have already been fully briefed to the Court. Their motion should be denied.

## Background

On February 10, 2022, the Court held a scheduling conference. (Dkt. No. 38). Before the conference, Plaintiffs advised the Court in a letter filed on the docket that the United States had authorized a full income tax refund. (Dkt. No. 37). The parties discussed a schedule going forward and agreed that they would propose a briefing schedule on the United States' motion to dismiss and file a proposed schedule after the United States issued the refund check. (Dkt. No. 38). Plaintiffs proposed a schedule, the United States agreed, and Plaintiffs filed the briefing schedule with the Court. (Dkt. Nos. 39-40). At no point was amending the Complaint discussed.

On February 28, 2022, after sending the refund check to Plaintiffs' counsel, the United States moved to dismiss this case under Rule 12(b)(1), arguing that this case was now moot and that the judicial exceptions to mootness did not apply. (Dkt No. 42). In response to the Motion, Plaintiffs' counsel asked – for the first time – if the United States would consent to a motion for leave to amend the Complaint, explaining "Though we don't have the exact language yet, the amended complaint would essentially add allegations about what happened with the refund check, why the Jarretts see that as inadequate, and why the Jarretts still need relief going forward." The United States did not consent, pointing out that its motion was a factual challenge to subject matter jurisdiction.

Plaintiffs ultimately did not move for leave to amend as a response to the motion to dismiss. They instead opposed the motion and submitted a declaration from Joshua Jarrett containing what the United States assumes are the additional factual allegations Plaintiffs' counsel had raised in the earlier email exchange. (Dkt. Nos. 51, 51-1). The Opposition argues at length that Plaintiffs'

suit is not moot because they are "entitled to" prospective relief and thus have not been "made whole" by the refund. Pl. Opp'n at 18, 21. The United States replied on March 21, 2022. United States' Reply in Support of Motion to Dismiss [Dkt. No. 43] ("Reply"). In its Reply, the United States pointed out (among other things) that Plaintiffs did not seek prospective relief in their Complaint and were precluded by statute from obtaining it. *Id.* at 3-4.

Plaintiffs now move for leave to add three factual allegations to the Complaint: (i) "In 2019 *and in every year since*, Mr. Jarrett engaged in a staking enterprise. . ."; (Proposed Am. Compl. ¶ 4 [amended language in italics]); (ii) "Mr. Jarrett intends to continue engaging in this staking enterprise for the foreseeable future" (*id.* ¶ 5); and (iii) "In the Jarretts [sic] 2020 and 2021 taxable years, the Jarretts did not have deductions, losses, or other items that would prevent their reporting of another overpayment" (*id.* ¶ 31). They also seek to amend their prayer for relief to ask for: "a permanent injunction against the Internal Revenue Service, preventing it from treating tokens created by the Jarretts as income." *Id.* at 8. They argue the amendment is appropriate because the United States has "brought a facial attack on the Jarretts' Complaint" in its Reply. Motion for Leave to Amend [Dkt. No. 55] ("Mot. for Leave") at 4.

**Argument**

Rule 15(a)(2) provides that courts "freely" grant leave to amend "when justice so requires." Even so, a motion for leave to amend should be denied when the amendment would be futile. *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017). An amendment is futile when it would not withstand a motion to dismiss for lack of jurisdiction under Rule 12(b)(1). *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Lee v. Shulman*, No. 12-2529-JTF-dkv, 2013 WL 1773615, at *4 (W.D. Tenn. Apr. 5, 2013 ).

The Jarretts' proposed amendments are futile. Amending the Complaint to add factual allegations serves no purpose when the pending motion to dismiss is a factual challenge to subject matter jurisdiction. And amending the Complaint to add a request for prospective relief is futile because both declaratory and injunctive relief are unavailable.

## I. PLAINTIFFS' PROPOSED FACTUAL AMENDMENTS ARE FUTILE BECAUSE THE UNITED STATES HAS ALREADY MOVED TO DISMISS RAISING A FACTUAL CHALLENGE TO SUBJECT MATTER JURISDICTION

Plaintiffs first seek leave to add three factual allegations to the Complaint: (1) "In 2019 *and in every year since*, Mr. Jarrett engaged in a staking enterprise. . ."; (Proposed Am. Compl. ¶ 4 [amended language in italics]); (2) "Mr. Jarrett intends to continue engaging in this staking enterprise for the foreseeable future" (*id.* ¶ 5); and (3) "In the Jarretts [sic] 2020 and 2021 taxable years, the Jarretts did not have deductions, losses, or other items that would prevent their reporting of another overpayment" (*id.* ¶ 31). These allegations – *which Plaintiffs have already raised in opposition to the motion to dismiss* – would have no bearing on the pending motion to dismiss.

"A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "A facial attack questions merely the sufficiency of the pleading. When reviewing a facial attack, a district court takes the allegations in the complaint as true. If those allegations establish federally-cognizable claims, jurisdiction exists. A factual attack instead raises a factual controversy concerning whether subject-matter jurisdiction exists." *Duren v. Byrd,* No. 1:18-CV-00084, 2021 WL 3848105, at *5 (M.D. Tenn. Aug. 26, 2021).

The parties agree that the pending motion to dismiss is a "factual attack" on the existence of subject matter jurisdiction. Mot. for Leave at 3. The United States has argued that post-

complaint actions – specifically, a full refund – renders Plaintiffs' refund claim moot. That is not a pleading issue, and both sides have introduced evidence outside the pleadings. *See* Declaration of Ryan O. McMonagle [Dkt. No. 41-1]; Declaration of Joshua Jarrett [Dkt. No. 51-1] ("Jarrett Dec."). When a defendant makes a factual attack on subject matter jurisdiction, e.g., by arguing mootness, the Court determines "the existence of jurisdiction through *facts* not allegations, so amendment of the Complaint would be of no use." *Berry v. Comm'r of Soc. Sec.*, No. CV 19-495-DLB, 2021 WL 1432213, at *3 (E.D. Ky. Apr. 15, 2021).[1]

The same is true here. The Jarretts need not add the factual allegations in paragraphs 4, 5, and 31 because they can introduce (and have already introduced) those allegations as evidence in support of their Opposition. Jarrett Dec. ¶¶ 5, 14.

As discussed in the parties' briefing on the pending Motion to Dismiss, those added allegations are not enough to save Plaintiffs' refund action anyway. Mr. Jarrett claims he engaged in a "staking enterprise" in 2020 and 2021, and that he "intend[s] to continue engaging in such staking enterprise for the foreseeable future." But he has now twice – both in his declaration and in his Proposed Amended Complaint – declined to allege that he has reported those transactions to the IRS as income or fully paid taxes on them, let alone claimed a refund of the taxes paid on the staking income. Those requirements are jurisdictional: he must do both before being capable of suing for another refund for another tax year. 26 U.S.C. § 7422(a); *Flora v. United States*, 362

---

[1] Plaintiffs have raised to the United States this Court's decision in *Vision Real Estate Invest. Corp v. Nashville*, No. 3:18-cv-0014, 2018 WL 10228378 (M.D. Tenn. Sept. 28, 2018), in which a Plaintiff successfully sought leave to amend in response to a motion to dismiss. But that case involved a 12(b)(6) motion to dismiss – i.e., a pleading motion – not a 12(b)(1) motion for lack of subject matter jurisdiction. *Id.* at *2. The allegations of the complaint were at issue in *Vision Real Estate*. The allegations of the Complaint are not at issue here. The Court should therefore determine subject matter jurisdiction first.

U.S. 145, 177 (1960). And since he has not, he cannot meet his own burden of showing that he will "again be subjected" to the denial of a refund claim. Reply at 5.

II.  **PLAINTIFFS' REQUEST TO AMEND THE COMPLAINT TO SEEK PROSPECTIVE RELIEF IS FUTILE BECAUSE THAT RELIEF IS BARRED BY STATUTE**

Plaintiffs also want to amend the Complaint to "clarify that they seek injunctive and declaratory relief."[2] It does not matter whether or not they ask for such relief, because the Anti-Injunction Act (26 U.S.C. § 7421) and the Declaratory Judgment Act (28 U.S.C. § 2201) expressly preclude it.

Plaintiffs' request for injunctive relief is barred by 26 U.S.C. § 7421. The Tax Anti-Injunction Act bars any suit "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). A "permanent injunction against the Internal Revenue Service, preventing it from treating tokens created by the Jarretts as income" is exactly that. *Enochs v. Williams Packing & Nav Co.*, 370 U.S. 1, 7 (1962); *McNeil v. Comm'r*, 179 F. Supp. 3d 1, 7 (D.D.C. 2016) (suit to enjoin IRS from assessing income taxes against nonfiler barred by Tax Anti-Injunction Act); *aff'd McNeil v. Comm'r*, 689 F. App'x 648, 649 (D.C. Cir. 2017) ("The Complaint effectively challenged the legality of income tax and the requirement to file tax returns, thereby falling within the clear ambit of the Anti-Injunction Act.").[3]

Their request for declaratory relief also runs headlong into the express language of the Declaratory Judgment Act. Under the Declaratory Judgment Act, declaratory relief is not

---

[2] The Jarretts did not try to meet and confer with the United States about the proposed amendment to their prayer for relief. They conferred before with the United States only about the additional factual allegations in paragraphs 4, 5, and 31. Even then, they declined to provide the "exact language" they wanted to add to the Complaint.

[3] Plaintiffs have not argued – either in their Opposition to the Motion to Dismiss or here – that they meet the limited exception to the Anti-Injunction Act. *Enochs*, 570 U.S. at 7 (to avoid bar of § 7421, plaintiff must show "(1) under no circumstances could the government prevail; and (2) "equity jurisdiction otherwise exists.").

authorized "with respect to federal taxes other than actions brought under [26 U.S.C. § 7428]." 28 U.S.C. § 2201(a). Moreover, the "federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act" so Plaintiffs "cannot use the former statute to get around the latter." *Morris v. United States*, 540 F. App'x 477, 483 (6th Cir. 2013) (quoting *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974)).

For these reasons, the amendment is futile. *United States v. Gordon*, No. 3:18-cv-00734-GNS-CHL, 2019 WL 6640289, at *6 (W.D. Ky. Dec. 5, 2019) (amendment to add claim for injunctive relief barred by § 7421 is futile); *Bullock v. I.R.S.*, Civ. Action No. 1:12-cv-1061, 2012 WL 2813225, at *1 (M.D. Pa. July 10, 2012) (where § 7421 bars suit, amendment is futile); *Gracey v. IRS*, No. CIV-07-228-M, 2007 WL 3226817, at *1 (W.D. Okla. Oct. 29, 2007) (same).

Even so, Plaintiffs still claim this amendment is necessary because the United States pointed out in its Reply that they had not requested an injunction or declaratory judgment in the Complaint. Motion for Leave at 4. According to their Motion, this one sentence in the United States' Reply converted what they agree is a factual challenge to subject matter jurisdiction (because they obtained a full refund) into a facial challenge to their pleading (because they did not ask for prospective relief).

That argument is nonsensical. First, as discussed above, it does not matter whether Plaintiffs asked for declaratory and injunctive relief: they cannot get it here. Second, Plaintiffs argued in their Opposition to the United States' Motion to Dismiss that they are "entitled to seek forward-looking injunctive relief," which misleadingly suggests that they had asked for it when they did not. Pl. Opp'n at 21. The United States was entitled to correct that misleading suggestion. And that is all the United States did. That correction does not somehow magically change the pending Rule 12(b)(1) motion into a different type of motion.

7

Case 3:21-cv-00419   Document 57   Filed 04/11/22   Page 7 of 9 PageID #: 705

In any event, Plaintiffs' Motion for Leave to Amend is not the appropriate vehicle for deciding what remedies are available to Plaintiffs in a refund suit. The parties have briefed the availability of prospective remedies at length in the pending Motion to Dismiss. That is a pure question of law for the Court to decide. Plaintiffs' attempt to amend the Complaint to litigate that question here is little more than an end run around the Rule 12(b)(1) Motion to obtain the ruling they want under the more lenient standards of Rule 15. Or, perhaps, to simply delay dismissal to take a second shot at opposing the United States' Motion to Dismiss. Either way, the Court should consider this issue on the pending Motion to Dismiss and should decide this Motion for Leave to Amend if – and only if – it rules that this suit is not moot.

Dated: April 11, 2022

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Ryan O. McMonagle*
RYAN O. MCMONAGLE
STEPHEN S. HO
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-307-1355; 202-616-8994 (v)
202-514-6866 (f)
Ryan.McMonagle@usdoj.gov
Stephen.S.Ho@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2022, I electronically filed the foregoing Opposition to Motion for Leave to Amend with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

David L. Forst
Fenwick & West LLP
801 California Street
Mountain View, CA 94041
dforst@fenwick.com

Sean P. McElroy
Fenwick & West LLP
801 California Street
Mountain View, CA 94041
smcelroy@fenwick.com

Jeffrey M. Harris
Consovoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
jeff@consovoymccarthy.com

Cameron Norris
Consovoy McCarthy PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
cam@consovoymccarthy.com

J. Abraham Sutherland
104 Prospect Street
Black Mountain, NC 28711
abesutherland@gmail.com

Jason W. Callen
K&L Gates LLP
222 Second Avenue South
Suite 1700
Nashville, TN 37201
Jason.callen@klgates.com

Charles Malone
K&L Gates LLP
222 Second Avenue South
Suite 1700
Nashville, TN 37201
Charlie.Maleon@klgates.com

R. Gregory Parker
K&L Gates LLP
222 Second Avenue South
Suite 1700
Nashville, TN 37201
Greg.parker@klgates.com

Joseph F. Wellborn, III
K&L Gates LLP
222 Second Avenue South
Suite 1700
Nashville, TN 37201
Joe.Wellborn@klgates.com

*/s/ Ryan O. McMonagle*
RYAN O. MCMONAGLE
Trial Attorney
United States Department of Justice, Tax Division