# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA JARRETT, JESSICA JARRETT<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:21-cv-00419<br><br>District Judge William L. Campbell Jr.<br><br>Magistrate Judge Alistair E. Newbern |

## REPLY IN SUPPORT OF MOTION TO AMEND

Out of an abundance of caution, the Jarretts filed a motion to amend their Complaint to add forward-looking factual allegations and to specifically plead injunctive and declaratory relief. Mot. (Dkt. 55). The Jarretts did so because the government, for the first time in its Reply to its Motion to Dismiss, challenged the sufficiency of the Jarretts' Complaint. Specifically, the government argued that this Court need not decide whether the Jarretts "*could*" obtain injunctive or declaratory relief because they "asked for neither injunctive nor declaratory relief in their Complaint." Reply to Mot. to Dismiss (Dkt. 53) at 3.

If that argument had merit (and the Jarretts believe it does not), then it would be, at most, a reason to let the Jarretts amend their Complaint. For the reasons set forth in their Motion, the Jarretts have amply demonstrated they meet the applicable standards to modify the scheduling order and amend their Complaint. *See* Mot. at 4-5. Amendment would not be futile: if the government

prevails on its Motion to Dismiss *because* the Jarretts did not specifically plead something, then amendment cannot be futile. *See Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005). Thus, justice requires that the Jarretts be afforded the opportunity to amend their Complaint to remedy such alleged deficiencies.

But the government, in its lengthy Opposition to the Motion to Amend, appears to be walking away from the argument in its Reply. It appears to agree (once again) that its Motion to Dismiss does not turn on the contents of the Jarretts' pleadings, and that whether the Jarretts are entitled to injunctive or declaratory relief is "a pure question of law for the Court to decide." *See* Opp'n (Dkt. 57) at 8. The Jarretts agree.

All the Jarretts ask is that, *if* amendment of their Complaint is required for the Court to decide the government's Motion to Dismiss, then the Jarretts be afforded the opportunity to do so.

Respectfully submitted,

CONSOVOY MCCARTHY PLLC
Cameron T. Norris
Jeffrey M. Harris
1600 Wilson Boulevard, Suite 700
Arlington, VA  22209
Telephone:	703.243.9423

FENWICK & WEST LLP
/s/ David L. Forst
David L. Forst
Sean P. McElroy
Silicon Valley Center
801 California Street
Mountain View, CA  94041

2

Telephone: 650.988.8500

J. Abraham Sutherland
104 Prospect Street
Black Mountain, NC 28711
Telephone: 805.689.4577

DATED: April 18, 2022

*Attorneys for Plaintiffs*

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2022, I electronically filed the foregoing Reply with the Clerk of Court using the CM/ECF system, which sent notification to Defendant's Counsel:

**Ryan O'Connor McMonagle**
**Stephen S. Ho**
U.S. Department of Justice, Tax Division
PO Box 227
Washington, DC 20044
Ryan.McMonagle@usdoj.gov
Stephen.S.Ho@usdoj.gov


Dated: April 18, 2022

/s/ David L. Forst