UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA JARRETT et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 3:21-cv-00419 <br><br> Judge William L. Campbell, Jr. <br> Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Plaintiffs Joshua and Jessica Jarrett have filed a motion to modify the scheduling order deadline for motions to amend the pleadings and for leave to file an amended complaint. (Doc. No. 55.) The United States has filed a response in opposition to the Jarretts' motion (Doc. No. 57) and the Jarretts have filed a reply (Doc. No. 58). For the reasons that follow, the Jarretts' motion to amend will be granted.

### I.  Relevant Background

Joshua Jarrett is "engaged in a staking enterprise" through which he has acquired Tezos tokens, a form of cryptocurrency. (Doc. No. 1, PageID# 2, ¶ 4.) The Jarretts initiated this action on May 26, 2021, seeking a refund of the federal income taxes that they paid on the Tezos tokens Joshua Jarrett acquired through his staking activities in 2019 under 26 U.S.C. § 7422. (Doc. No. 1.) On September 24, 2021, the Court entered a case management order requiring that any motion to amend the pleadings be filed by December 15, 2021. (Doc. No. 32.)

On December 20, 2021, the United States informed the Jarretts, through their counsel, that it had authorized "a full refund of [the] $3,793, plus statutory interest, sought in the complaint for the 2019 tax year . . . ." (Doc. No. 37, PageID# 107.) On January 25, 2022, the Jarretts' counsel

responded that the Jarretts "reject the proffered refund[,]" citing concerns about whether "they would remain at risk" of tax liability for "tokens created through staking" "in subsequent tax years[.]" (*Id.* at PageID# 109.) The Internal Revenue Service issued a refund check on January 28, 2022, and the check was delivered to the Jarretts' counsel on February 14, 2022. (Doc. No. 41-1.) Joshua Jarrett has filed a declaration stating that he "ha[s] not cashed, and do[es] not intend to cash, this check, which remains in the possession of [his] counsel." (Doc. No. 51-1, PageID# 652, ¶ 13.)

On February 28, 2022, the United States moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, arguing that the Jarretts' "refund claim is moot because the United States has fully refunded the federal income taxes and statutory interest demanded in the Complaint." (Doc. No. 41, PageID# 114.) The Jarretts filed a response in opposition to the motion to dismiss, arguing that "the government's offer to refund the Jarretts' taxes cannot moot the case because the Jarretts timely rejected it" and that, "even if the parties' dispute over the Jarretts' 2019 taxes were moot, the Jarretts can still seek declaratory and injunctive relief for future tax years." (Doc. No. 51, PageID# 631.) The United States filed a reply in support of its motion to dismiss arguing, among other things, that the Jarretts did not request declaratory or injunctive relief in their complaint and that they are barred from obtaining such relief by the Tax Anti-Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28 U.S.C. § 2201. (Doc. No. 53.)

On March 28, 2022, the Jarretts filed a motion to modify the scheduling order deadline for motions to amend the pleadings and for leave to amend their complaint and attached a proposed amended complaint to the motion. (Doc. Nos. 55, 55-1.) The Jarretts argue that, "because the government now asserts that the Jarretts lack th[e] right" "to obtain injunctive and forward-looking

relief" "at least in part because they did not specifically plead for" it in their complaint, they should be permitted to amend their complaint to seek that relief. (Doc. No. 55, PageID# 678.) The United States responds that the Jarretts' proposed amendment is futile because, as argued in the United States' motion to dismiss, the Tax Anti-Injunction Act and the Declaratory Judgment Act preclude the Jarretts' requests for injunctive and declaratory relief. (Doc. No. 57.) The Jarretts reply that amendment would not be futile. (Doc. No. 58.)

**II.        Legal Standard**

Federal Rule of Civil Procedure 15(a) typically governs motions to amend the pleadings before trial. Fed. R. Civ. P. 15(a). However, where, as here, a motion to amend is filed after the deadline set forth in the Court's scheduling order, the standards of Rule 15(a) and Rule 16(b) apply. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 16(b) provides that the deadline for amendment of pleadings set forth in the Court's scheduling order can be extended "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This rule was "designed to ensure that 'at some point both the parties and the pleadings will be fixed.'" *Leary*, 349 F.3d at 906 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). Thus, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Id.* at 909. The "good cause" requirement in Rule 16 is only satisfied where the movant shows "that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014).

If the Court finds that good cause exists, it then considers whether amendment is appropriate under Rule 15. Rule 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This

"mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Leary*, 349 F.3d at 905 (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing *de novo* district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

### III. Analysis

The Jarretts have shown that good cause exists to extend the deadline to file motions to amend the pleadings. The events precipitating the United States' motion to dismiss and the Jarretts' subsequent motion to amend began with the United States' authorization of a refund, which was not communicated to the Jarretts until December 20, 2021, five days after the deadline to file motions to amend the pleadings. (Doc. Nos. 32, 37.) The Jarretts stated in their response to the United States' motion to dismiss that they had "consulted with the government about a motion to amend the complaint" but that both parties felt that a motion to amend was not necessary. (Doc.

No. 51, PageID# 630 n.1.) However, one week after the United States asserted in its reply that the Jarretts did not seek injunctive or declaratory relief in their complaint (Doc. No. 53), the Jarretts filed a motion to amend "out of an abundance of caution" (Doc. No. 55, PageID# 677).

The timing of the parties' exchange indicates "that the original deadline could not reasonably have been met despite due diligence . . . ." *Ross*, 567 F. App'x at 306. Because the parties have already briefed the availability of injunctive and declaratory relief in the context of the motion to dismiss (Doc. Nos. 42, 51, 53), allowing the Jarretts to plead those claims in an amended complaint will not prejudice the United States. *See id.* Accordingly, good cause exists to extend the deadline to file a motion to amend the complaint.

Futility is the only ground on which the United States opposes the Jarretts' motion to amend. (Doc. No. 57.) Because futility arguments in this context are functionally dispositive, courts in this circuit recognize that they present something of a "conceptual difficulty" when raised before a magistrate judge who, by statute, cannot ordinarily rule on dispositive motions. *Durthaler v. Accts. Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (citing 28 U.S.C. § 636(b)(1)(A)); *see also Wischermann Partners, Inc. v. Nashville Hosp. Cap. LLC*, No. 3:17-0849, 2018 WL 2684641, at *2 (M.D. Tenn. June 5, 2018) (quoting *Durthaler*, 2011 WL 5008552, at *4). This is particularly true where, as here, the parties have raised the same legal issues in a dispositive motion currently pending before the presiding district judge. Under these circumstances, at least where the proposed amended "claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss." *Durthaler*, 2011 WL 5008552, at *4.

The United States' arguments in favor of dismissal and in opposition to the amended complaint turn on whether the Jarretts are barred from seeking prospective injunctive and declaratory relief by the Tax Anti-Injunction Act and the Declaratory Judgment Act. Allowing the United States' substantive legal arguments to be addressed in a single decision is the most efficient course of action and will guard against inconsistent results in different procedural contexts. The United States has not argued that any other reasons exist to deny leave to amend under Rule 15(a)(2), and the Court finds that there are none. Accordingly, the Court will allow the Jarretts' proposed amendments.

## IV. Conclusion

For these reasons, the Jarretts' motion to modify the scheduling order and to amend the complaint (Doc. No. 55) is GRANTED. The Clerk of Court is DIRECTED to enter the amended complaint (Doc. No. 55-1) as a separate docket entry.

It is so ORDERED.

                                                  ALISTAIR E. NEWBERN
                                                  United States Magistrate Judge