# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA JARRETT, JESSICA JARRETT<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:21-cv-00419 |

## FIRST AMENDED COMPLAINT

Plaintiff Joshua Jarrett ("Mr. Jarrett") and Plaintiff Jessica Jarrett (collectively, the "Jarretts"), by and through their undersigned counsel, file this Complaint against the United States of America pursuant to 26 U.S.C. § 7422 and 26 U.S.C. § 6532, petitioning for a refund of federal income taxes paid to Defendant United States of America, by and through its agency the Internal Revenue Service (the "IRS"), with respect to the Jarretts' taxable year ending December 31, 2019, and statutory interest thereon. As the basis for their Complaint, Plaintiffs allege as follows:

### NATURE OF THE ACTION

1.  Cryptocurrency (also called "virtual currency") is a digital representation of value that can function as a medium of exchange, store of value or other digital item. Units of the type of cryptocurrency that is the subject of this case are known as "Tezos tokens."

2.  Records of cryptocurrency transactions are known as a "blockchain." A public blockchain is maintained across a series of computers with no common owner that serve to

record and secure cryptocurrency transactions by verifying transfers of the cryptocurrency and by creating an immutable, transparent ledger of each transaction.

3. The Tezos public blockchain is built via a "proof-of-stake" process, whereby persons can employ their Tezos tokens and computing power to validate transactions that use Tezos tokens. This process creates new "blocks" on the Tezos public blockchain, and as part of the creation of a new block, the participants each create new Tezos tokens. If no such persons utilize their computing power and tokens to validate transactions, no new blocks or new Tezos tokens would be created.

4. In 2019, and in every year since, Mr. Jarrett engaged in a staking enterprise, whereby he employed his tokens and his computing power to contribute to the creation of new blocks on the Tezos public blockchain and which resulted in his creation of 8,876 new Tezos tokens.

5. Mr. Jarrett intends to continue engaging in this staking enterprise for the foreseeable future.

6. The new Tezos tokens that Mr. Jarrett created in 2019 can be sold or exchanged for other cryptocurrencies, government-backed (or "fiat") currency, or for goods or services. However, during 2019, Mr. Jarrett did not sell or exchange any of the 8,876 new Tezos tokens created through his staking enterprise.

7. The federal income tax law does not permit the taxation of tokens created through a staking enterprise. Like a baker who bakes a cake using ingredients and an oven, or a writer who writes a book using Microsoft Word and a computer, Mr. Jarrett created property. Like the baker or the writer, Mr. Jarrett will realize taxable income when he first sells or exchanges the

new property he created, but the federal income tax law does not permit the taxation of the Jarretts simply because Mr. Jarrett created new property.

8. The United States here seeks to use the federal income tax law to do something unprecedented, which is tax creative activity rather than income. Taxing newly created cakes, books, or tokens as income would have far-reaching and detrimental effects on taxpayers and the U.S. economy, and is without support in the Internal Revenue Code, regulations, caselaw, or the Constitution.

9. Because the Tezos tokens Mr. Jarrett created in 2019 were not income in 2019, the Jarretts are entitled to a refund, pursuant to 26 U.S.C. § 7422 and 26 U.S.C. § 6532, for all federal income taxes they paid attributable to tokens created through Mr. Jarrett's staking enterprise.

## THE PARTIES

10. Plaintiff Joshua Jarrett is an individual who resides in Nashville, Tennessee.

11. Plaintiff Jessica Jarrett is an individual who resides in Nashville, Tennessee.

12. Defendant is the United States of America, by and through its agency the Internal Revenue Service.

## JURISDICTION AND VENUE

13. This Court has jurisdiction under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.

14. Venue is proper in this judicial district under 28 U.S.C. § 1402(a)(1) because the Jarretts reside in the Middle District of Tennessee. Intradistrict venue is proper in the Nashville Division pursuant to 28 U.S.C. § 123(b)(1) & Local Rule 77.01(a).

15. Pursuant to 26 U.S.C. §§ 6532(a)(1) & 26 U.S.C. § 7422, the Jarretts bring this action after paying the disputed federal income taxes that were erroneously assessed, and more

than six months from their timely filing of a refund claim with the Internal Revenue Service for the overpayment of federal income taxes, and statutory interest thereon.

16. The Jarretts have satisfied all conditions precedent to filing this suit.

## FACTUAL BACKGROUND

**Tezos Cryptocurrency**

17. Tezos tokens are a form of virtual currency, as defined in I.R.S. Notice 2014-21, 2014-16 I.R.B. 938, 2014 WL 1224474 (Mar. 26, 2014).

18. New blocks are created on the Tezos public blockchain through a proof-of-stake process that requires persons to employ both existing tokens and computer equipment.

19. Each time a new block is created on the Tezos public blockchain, new Tezos tokens are created.

**Joshua Jarrett**

20. Mr. Jarrett owned 102,708 Tezos tokens at the start of 2019.

21. During 2019, Mr. Jarrett purchased 98,554 additional Tezos tokens, and transferred 460 Tezos tokens to others as payment for goods and services.

22. Mr. Jarrett owned 209,678 Tezos tokens at the end of 2019, inclusive of his 8,876 newly created tokens.

23. In 2019 Mr. Jarrett engaged in a staking enterprise, whereby he employed both his tokens and his computing power which contributed to the creation of new blocks on the Tezos public blockchain and resulted in his creation of 8,876 new Tezos tokens.

24. Mr. Jarrett kept all of these newly created Tezos tokens in his digital wallet throughout 2019.

25. No person, as defined in 26 U.S.C. § 7701(a)(1), paid the newly created Tezos tokens to Mr. Jarrett.

26. The Jarretts timely filed their 2019 federal income tax return with the Internal Revenue Service. The Jarretts reported $9,407 from the creation of new Tezos tokens as "other income" on Schedule C, line 8 of their Form 1040.

27. On or about July 31, 2020, the Jarretts timely filed a Form 1040-X (the "Refund Claim") with the Internal Revenue Service, which is incorporated herein by reference. The Refund Claim asserts that the inclusion of $9,407 is not income subject to taxation under 26 U.S.C. § 61. The Refund Claim requested a refund of the $3,293 paid in federal income tax on the Tezos tokens Mr. Jarrett created, along with a $500 increase in tax credits that resulted from the reduction of the Jarretts' income, for a total refund of $3,793.

28. As of the date of this filing, no response has been received to the Refund Claim.

29. As of the date of this filing, no notice of disallowance has been mailed to the Jarretts.

30. The Jarretts are the sole owner of their refund claim, and they have neither assigned nor transferred any part of that claim.

31. In the Jarretts 2020 and 2021 taxable years, the Jarretts did not have deductions, losses, or other items that would prevent their reporting of another overpayment.

## LEGAL BACKGROUND

32. Virtual currency is property for purposes of U.S. federal tax law.

33. No provision of the Internal Revenue Code or the regulations thereunder specifically addresses the tax treatment of cryptocurrency.

34. U.S. federal income tax law taxes an individual's gross income minus applicable deductions. *See* 26 U.S.C. §§ 1; 63(a).

35. 26 U.S.C. § 61(a) provides a nonexclusive list of types of income that are included within gross income. No express provision of 26 U.S.C. § 61 or any regulation thereunder treats as gross income an item of property created by a person.

36. New property—property not received as payment or compensation from another person but created by the taxpayer—is not and has never been income under U.S. federal tax law.

37. The U.S. Supreme Court, in *Eisner v. Macomber*, 252 U.S. 189 (1920), held that income must involve a "coming in." *Macomber*, 252 U.S. at 207 (emphasis omitted). Property that a taxpayer creates does not "come in" to the taxpayer; rather, property that the taxpayer creates goes out from the taxpayer.

38. In *Commissioner v. Glenshaw Glass*, 348 U.S. 426 (1955), the Supreme Court characterized income as "instances of undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." *Glenshaw Glass*, 348 U.S. at 431. Thus, *Glenshaw Glass* requires that an accession to wealth be "clearly realized" to potentially be treated as income.

39. Per the *Oxford English Dictionary*, to "realize" is to "convert (an asset, as securities, property, etc.) into a more concrete or readily accessible form of wealth . . . in order to

obtain the monetary value." Realization, *Oxford English Dictionary Online* (3d ed. 2020). Therefore, *Glenshaw Glass* would not tax the baker solely because he bakes a cake, or the writer solely because she writes a book, *i.e.,* created property is not "realized" wealth.

40. The Court's characterizations of income in both *Macomber* and *Glenshaw Glass* are consistent with the statutory text of 26 U.S.C. § 61(a), which acknowledges that "income" (*i.e.*, something coming in) must be "derived" from a "source."

41. The sale or exchange by Mr. Jarrett of the Tezos tokens he created will be a taxable event. *See* 26 U.S.C. §§ 61(a)(3); 1001.

42. In summary, neither the Internal Revenue Code, regulations, caselaw, nor the Constitution permit the treatment of created property as income. Therefore, consistent with over a century of federal income tax law, the property created by Mr. Jarrett is not income to the Jarretts until such property is sold or exchanged.

## CLAIMS FOR RELIEF

### Count One – Refund Claim for the 2019 Tax Year

43. The Jarretts hereby incorporate by reference the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. The 8,876 new Tezos tokens created by Mr. Jarrett during 2019 were not income under federal income tax law.

45. Accordingly, the $9,407 reported on the Jarretts' originally filed 2019 federal tax return is not income, and the Jarretts are accordingly entitled to a refund for the 2019 year in the amount of $3,793, plus statutory interest as provided by law.

## PRAYER FOR RELIEF

**WHEREFORE**, the Jarretts respectfully request that the Court grant the following relief:

    A.    A judgment that the disputed federal income taxes were erroneously assessed;

    B.    An order awarding the Jarretts a refund for the 2019 tax year in the amount of $3,793, plus statutory interest thereon as provided by law;

    C.    An order awarding Jarretts their costs in this action, including attorneys' fees;

    D.    A permanent injunction against the Internal Revenue Service, preventing it from treating tokens created by the Jarretts as income.

    E.    An award of such other and further relief as the Court deems just and proper.

Respectfully submitted,

CONSOVOY MCCARTHY PLLC
Cameron T. Norris
Jeffrey M. Harris
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: 703.243.9423

FENWICK & WEST LLP
/s/ David L. Forst
David L. Forst
Sean P. McElroy
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

J. Abraham Sutherland
104 Prospect Street
Black Mountain, NC 28711
Telephone: 805.689.4577

DATED: May 26, 2021

*Attorneys for Plaintiffs*