# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA JARRETT and JESSICA JARRETT, | ) ) ) |
| Plaintiffs, | ) NO. 3:21-cv-00419 ) |
| v. | ) JUDGE CAMPBELL ) MAGISTRATE JUDGE NEWBERN |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant | ) |

## MEMORANDUM

This matter comes before the Court on motion by the United States, seeking to dismiss the complaint for lack of subject matter jurisdiction. (Doc. No. 41). Because the Court finds oral argument is not necessary to resolution of the motion, Plaintiffs' Motion for Oral Argument (Doc. 52) will be denied.

Also before the Court is a Motion for Leave of Court to File Brief of Amicus Curiae filed by Coin Center. (Doc. No. 49). The Court finds the Coin Center's proposed amicus brief will not aid the Court's consideration of the issues presented. Accordingly, the Coin Center's motion for leave to file an amicus brief (Doc. No. 49) is denied.

For the reasons stated herein, the motion to dismiss will be granted, and this case dismissed.

## I. BACKGROUND

Plaintiffs Joshua Jarrett and Jessica Jarrett (collectively "the Jarretts" or "Plaintiffs") bring this action pursuant to 26 U.S.C. § 7422 and 26 U.S.C. § 6532, petitioning for a refund of $3,793.00 in federal income taxes paid for the 2019 tax year. (Compl., Doc. No. 61). The Jarretts contend cryptocurrency "Tezos tokens" Joshua Jarrett created in 2019 were not taxable income in 2019 and, therefore, the Jarretts are entitled to a refund for all federal income taxes paid on the "Tezos

tokens." (*Id*.). After the Jarretts filed this action, the United States authorized the Jarretts' refund, plus statutory interest. (Doc. No. 53-1). The Jarretts responded by letter on January 25, 2022, stating that they "reject the proffered refund and intend to continue vindicating their rights in court." (Doc. No. 54-1). On January 28, 2022, a refund check was issued to Plaintiffs in the amount $4,001.83, consisting of $3,793.00 for the refund of federal income taxes and $208.83 interest. (Doc. No. 41-1). The check was delivered to Plaintiffs' counsel on February 14, 2022. (*Id*.). Plaintiffs have not accepted the refund. (Jarrett Decl., Doc. No. Doc. No. 51-1 ¶ 6).

Thereafter, the United States moved to dismiss the Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on grounds that that refund claim is moot because the United States has fully refunded the federal income taxes and statutory interest demanded in the Complaint.[1] (Doc. No. 41). The Jarretts, who have not accepted the refund check, argue the case is not moot because they rejected what they characterize as the United States' offer of settlement. (Doc. No. 51).

Now before the Court is the United States' Motion to Dismiss Complaint (Doc. No. 41), which is fully briefed. (Doc. Nos. 42, 51, 53).

## II. LEGAL STANDARD

Whether a court has subject-matter jurisdiction is a "threshold determination" in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."

---

[1] After the motion to dismiss was fully briefed, Plaintiffs filed the First Amended Complaint (Doc. No. 61). The Parties stipulated that the Government's motion to dismiss and the briefs filed in support and opposition may and should be treated as though they are directed toward the Jarretts' First Amended Complaint. (Doc. No. 62).

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

Article III of the Constitution limits the jurisdiction of federal courts to adjudication of "cases" and "controversies." U.S. Const., Art. III, § 2. "A case becomes moot —and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017) (quoting *Already, LLC v. Nike, Inc*., 568 U.S. 85, 91 (2013)). A case is moot "when it is impossible for a court to grand any effectual relief whatever to the prevailing party." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (quoting *Knox v. Service Emps*., 567 U.S. 298, 307 (2012)). The burden to establish mootness lies with the party asserting mootness – here, the Government. *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 558 (6th Cir. 2021); *Adarand Constuctors, Inc. v. Slater*, 528 U.S. 216, 222 (2000).

The parties appear to agree that Defendant is challenging, not the sufficiency of the pleadings, but the factual predicate for subject matter jurisdiction. Therefore, to determine whether it has subject matter jurisdiction, no presumption of truthfulness applies to the allegations in the complaint, and the court must weigh the evidence to decide whether subject matter jurisdiction does or does not exist. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co*., 491 F.3d 320, 330 (6th Cir. 2007). The parties have presented evidence in the form of Declarations of Ryan O. McMonagle (Doc. No. 41-1), Joshua Jarrett (Doc. No. 51-1), and David L. Forst (Doc. No. 51-2), and exhibits to those declarations.

### III. ANALYSIS

It is undisputed that the United States issued a refund check to the Jarretts in the amount allegedly owed for the 2019 tax year. The question for the Court is whether there remains a live case and controversy. The Court finds there does not.

Plaintiffs filed this case ostensibly seeking recovery of overpayment of taxes – an overpayment the United States has now refunded in full. The United States argues there is no longer a live "case or controversy" for this Court to adjudicate. Plaintiffs disagree. They insist they are entitled to judicial ruling in this case even though the United States has fully refunded the claimed overpayment.

The weight of authority appears to favor the Government's position. Indeed, a number of Courts to have considered the issue have concluded that the Government's tender of full payment of a refund moots the refund claim. *See Drs. Hill & Thomas Co. v. United States*, 392 F.2d 204, 205 (6th Cir. 1968) (affirming dismissal for mootness because suit for refund only has the objective of recovery of money, and the United States had tendered more than appellant sought); *Christian Coalition, Inc. v. United States*, 662 F.3d 1182, 1192 (11th Cir. 2011) (refund claim moot where "IRS returned all of the disputed taxes shortly after this litigation began."); *Hudak v. United States*, No. MJG-11-1271, 2011 WL 6739019, at *1 (D. Md. Dec. 21, 2011) (claim for refund of income tax overpayments denied a moot); *Cath. Answers, Inc. v. United States*, No. 09-CV-670-IEG (AJB), 2009 WL 3320498, at *8 (S.D. Cal. Oct. 14, 2009) (abatement and refund of taxes rendered refund suit moot), aff'd, 438 F. App'x 640, 641 (9th Cir. 2011); *Est. of O'Neal v. United States*, No. CV-93-H-0139-S, 1993 WL 766477, at *3 (N.D. Ala. June 2, 1993) ("Checks in the amount of the refund requested have been issued and delivered to plaintiffs. Thus, the refund issue is moot and there is no need for any adjudication as to this claim."); *Miklautsch v. Gibbs*, No. A89-291

Civ., 1990 WL 236045, at *5 (D. Alaska Nov. 6, 1990) ("[A]ll the plaintiffs could hope to gain in a refund action under 26 U.S.C. § 7422 has in fact been credited to their 1975 tax liability. Accordingly, those claims are moot."); *but see Church of Scientology of Hawaii v. United States*, 485 F.2d 313 (9th Cir. 1973) (finding exception to mootness applied).

Plaintiffs contend the tender of a refund has no effect because they have a "right to reject a proffered tax refund and obtain a judicial determination." (Doc. No. 51 at 1). Plaintiffs rely on the Supreme Court's decision in *Campbell-Ewald v. Gomez*, 577 U.S. 153, 165 (2016), to support their notion that failure to cash the refund check, saves this case from the bowels of non-justiciability.

In *Campbell-Ewald*, the plaintiff brought a putative class action alleging claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii), and seeking treble statutory damages and a permanent injunction. *Id*. at 157. Before the plaintiff moved for class certification, the defendant proposed to settle the plaintiff's individual claim and filed an offer of judgment pursuant to Federal Rule of Civil Procedure 68. *Id*. at 158. The plaintiff did not accept the offer of judgment and allowed the Rule 68 submission to lapse. *Id*. The Supreme Court reasoned that once the offer of judgment lapsed, it had no continued efficacy. *Id*. at 163 (applying principles of contract law). Therefore, the parties remained adverse, and the case was not moot. *Id*.

Plaintiffs' reliance on *Campbell-Ewald* is misplaced. Here, the United States has not made an offer of judgment under Rule 68 or any other kind of offer. The Internal Revenue Service ("IRS") issued a refund check, not an offer. The Plaintiffs are certainly entitled to decide for themselves whether to deposit the check tendered by the IRS, but their failure to do has no bearing on whether there remains a live case or controversy for the Court to adjudicate. The United States

5

explains, "[r]efunds are simply what happens when payments exceed liability on a taxpayer's IRS account." (Doc. No. 53 at 3). The United States does not "ask" taxpayers if they will accept a refund. The refund is simply issued upon determination of an overpayment. *See* 26 U.S.C. § 6402(a) ("In the case of an overpayment, the Secretary … shall refund any balance to [the person who made the overpayment].").

The Jarretts argue that even if their claim for a refund is moot, they can obtain prospective relief under the refund statute and this part of their claim remains live. Again, the Court disagrees.

Two statutes appear to foreclose forward-looking relief. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), which allows federal courts to declare the rights of parties in cases of actual controversy, specifically excepts declaratory relief with respect to federal taxes (except under circumstances not appliable here). *See* 28 U.S.C. § 2201(a) (permitting federal courts to declare the rights of the parties "except with respect to Federal taxes"). Further, the Anti-Injunction Act bars suits "for the purpose of restraining the assessment or collection" of taxes. 26 U.S.C. § 7421(a); *see Christian Coalition, Inc. v. United States*, 662 F.3d 1182, 1192 (11th Cir. 2011) ("[T]he district [court] correctly concluded it was without jurisdiction to entertain a suit containing solely forward-looking claims seeking declaratory and injunctive relief from the IRS. These type of suits are expressly proscribed by the [Declaratory Judgment Act] and the [Anti-Injunction Act]."). Moreover, the claim Plaintiffs bring here, a civil action for a refund under 26 U.S.C. § 7422, is necessarily backward-looking. By its terms, claims under this Section are "for the recovery of any internal revenue tax alleged to have been erroneously assessed or collected, or of any penalty claims to have been collected without authority, of any sum alleged to have been excessive or in any manner wrongfully collected." Even if prospective relief were available in the context of

a refund suit, there is nothing to suggest that Plaintiffs could proceed with an action involving *only* prospective tax relief.

Plaintiffs argue that in *Bob Jones University v. Simon* the Supreme Court "previewed" that prospective relief sought in a refund suit would not violate the Anti-Injunction Act. (Doc. No. 51 at 19-20 (citing *Bob Jones University v. Simon*, 416 U.S. 725, 748 n.22 (1974))). This is an inaccurate representation of that opinion. In *Bob Jones*, which was not brought as a refund suit, the Court held that Bob Jones University could not enjoin the IRS from revoking its tax-exempt status because such action was barred by the Anti-Injunction Act and the university could litigate the issue in a refund suit. *Bob Jones*, 416 U.S. at 746. The Court explained, that if the university had taxable income after the withdrawal of its tax-exempt status, its judicial remedy was to either petition the Tax Court to review the assessment, or pay the taxes and then bring suit for a refund. *Id*. The Court recognized that these avenues offered a "delayed" opportunity to litigate the revocation of its tax status and noted the practical problems with the approach. *Id*. at 747. The Court concluded, however, that "the problems presented do not rise to the level of constitutional infirmities, in light of the powerful governmental interests in protecting the administration of the tax system from premature judicial interference … and of the opportunities for review that are available." *Id*. (internal citations omitted). The Court specifically declined to address whether injunctive relief is possible in a refund suit. *Id*. at 747, n.22.

Plaintiffs argue that even if the issuance of a refund moots their claim, the Court nevertheless retains jurisdiction because the claim falls within the exceptions to mootness. (Doc. No. 51 at 12). There are two exceptions to the mootness doctrine. First, voluntary cessation of the challenged conduct does not moot a case unless it is "clear that the allegedly wrongful behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate Exp. Ass'n*,

7

393 U.S. 199, 203 (1968). Second, a case will not become moot if the injury is "capable of repetition yet evading review." Plaintiffs add that the Sixth Circuit has also suggested that a claim will not be moot if it is "capable of repetition and one of public importance." (Doc. No. 51 at 12 (citing *Drs. Hill & Thomas Co. v. United States*, 392 F.2d 204 (6th Cir. 1968)).

Under the voluntary cessation exception to mootness, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs., Inc.*, 528 U.S. 167, 189 (2000). To overcome this exception, the party asserting mootness has the burden of showing: "(1) there is no reasonable expectation that the conduct will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *True the Vote, Inc. v. Internal Revenue Serv.*, 831 F.3d 551, 561 (D.C. Cir. 2016).

This exception is inapplicable for a simple reason, the United States' refund of the claimed overpayment of income tax is not "voluntary cessation of conduct." The United States has not changed the tax rules or regulations and does not claim to have changed its position. It has merely refunded Plaintiffs the overpayment requested. Even if the "wrongful conduct" is defined as failing to refund tax overpayment for the 2019 tax year, there is no reasonable expectation that the conduct will recur. The instant controversy was limited to whether Plaintiffs were entitled to a refund of taxes paid for the 2019 tax year. This particular issue is not reasonably expected to recur, given that any subsequent controversy would necessarily involve a different tax year.[2] *Christian Coalition*, 662 F.3d at 1196 ("The tax amounts in dispute and the nature of the claim for a refund are specific to each individual tax year.").

---

[2] The Supreme Court has long recognized the problems presented by Congress' decision to require taxpayers to challenge adverse tax decisions on a backward-looking basis, *i.e.* after taxes have been paid or assessed. *See Bob Jones University v. Simon*, 416 U.S. 725, 747 (1974) ("We do not say that these avenues of review are the best that can be devised.").

"The capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subject to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). The doctrine applies only where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Davis v. FEC*, 554 U.S. 724, 735 (2008) (citing *Fed. Elec. Comm'n v. Wisc. Right to Life, Inc.*, 551 U.S. 449, 462 (2007)).

Adverse tax determinations are not "too short to be fully litigated." *See e.g.*, *Christian Coalition*, 662. F.3d at 1195. The Jarretts argue that the United States may continue to refund overpayment of income tax and the issue of whether Tezos tokens created by a taxpayer are taxable income will never be decided. But this does not, in and of itself, render the matter too short to be fully litigated. If the Government denies a request for refund of a claimed overpayment, the matter is subject to being fully litigated.

As to whether this suit is capable of repetition, the answer depends on one's perspective. From the Jarretts' vantage point, despite the fact that the refund suit is seeking refund of taxes for a specific year, the suit concerns whether creation of Tezos tokens is taxable income. They contend this issue will arise each and every year because Joshua Jarrett intends to continue creating Tezos tokens. The United States argues that this suit, which concerns only the refund for 2019, is not capable of repetition because any subsequent suit would necessarily involve a different tax year.

The Court finds no reasonable expectation that Plaintiffs will be subject to the same action again. As stated above, the instant controversy was limited to whether Plaintiffs were entitled to a refund of taxes paid for the 2019 tax year. This particular issue is not capable of repetition as any subsequent claim for refund would necessarily apply to a different tax year. *Christian Coalition*,

662. F.3d at 1196 ("The tax amounts in dispute and the nature of the claim for a refund are specific to each individual tax year."). Moreover, as this is the Jarretts' first suit to seek a refund after paying income tax on Tezos tokens, it is premature to speculate the Jarretts' tax refund claims will repeatedly evade review.

Plaintiffs also argue that a decision on whether Tezos tokens created through "staking" are taxable income is of significant public importance because there are other taxpayers who engage in the same activity. The Court is not persuaded that the existence of an unanswered tax question, which is unquestionably of interest to the group of taxpayers who create Tezos tokens, provides an exception to mootness in this case.

## IV. CONCLUSION

Plaintiffs' claim for relief is MOOT. They filed a refund claim seeking refund of a tax overpayment. Now that the overpayment has been refunded, Plaintiff seeks an advisory opinion on whether it was entitled to the refund under the current tax law. The Court does not provide advisory opinions. *See Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 715 (6th Cir. 2011) ("The 'case or controversy' requirement prohibits all advisory opinions, not just some advisory opinions and not just advisory opinions that hold little interest to the parties or the public.").

For the reasons stated, the United States' Motion to Dismiss (Doc. No. 41) will be GRANTED. An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE